THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FLOYD OBERBY, Plaintiff in Error.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

CRIMINAL LAW—*what constitutes violation of section 35 of the Motor Vehicle act.* Section 35 of the Motor Vehicle act, providing that any person who shall own or have in his possession a motor vehicle "the original engine number of which has been destroyed, removed, altered, covered or defaced" shall be deemed guilty of a misdemeanor, is violated where the defendant puts a second-hand engine block in his motor vehicle and stamps thereon an engine number not originally placed there and not furnished him by the Secretary of State; and the fact that the number used is the same which the defendant had on his old engine block is not material on the question of guilt, where the evidence shows that the block installed by the defendant in place of his old one had a number which had been erased or destroyed.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding.

ROY C. WOODS, (ROY S. GASKILL, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (EDWARD E. WILSON, CLARENCE E. NELSON, and HENRY M. PORTER, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted of having in his possession a certain motor vehicle on which the original engine number appearing on the motor block had been altered, in violation of section 35 of the Motor Vehicle law. It appearing that this was plaintiff in error's first offense, a fine of $200 was assessed. The judgment of the municipal court

of Chicago was affirmed by the Appellate Court, and the cause comes here on writ of error.

The car in question was taken from the possession of plaintiff in error by the police. The engine block of the car bore the number 9515119, but when heat was applied to the place on the engine block on which the number was stamped it brought out the number 7286043, indicating that the original number had been filed off and another number put on. Plaintiff in error defended on the ground that he had purchased a second-hand engine block to put into the car; that the car, when he purchased it, had the number 9515119 stamped on the engine block; that the engine block became damaged beyond repair and he removed it and destroyed it as required by law, and that he purchased from a dealer in used engine parts another engine block of the same make; that the block he so purchased bore no number, although it was a second-hand block and had evidently been used as part of a motor. He further testified that upon installation of this engine block in his car he stamped thereon the number 9515119, as such number had appeared on the original engine block in the car.

Section 35 of the Motor Vehicle act provides: "Any person or persons, firm or corporation, who * * * shall sell or offer for sale in this State, or who shall own or have the custody or possession of a motor vehicle, the original engine number of which has been destroyed, removed, altered, covered, or defaced * * * shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine." This section also provides that on a second conviction the punishment shall be imprisonment in the penitentiary for not less than one year nor more than five years.

Plaintiff in error contends that the original engine number of the automobile in his possession was not "destroyed, removed, altered, covered or defaced," as prohibited by the act, but that his act was at most but a transfer of the origi-

nal number from one block to another, and it is contended that such is not prohibited by the act. As we understand this argument, it is that in order to warrant a conviction for a violation of section 35 it is necessary that the motor vehicle have a different number than the original engine number of that car or that it have no number at all. We are of the opinion that this is a strained construction of the language of the act. As was said by this court in *People* v. *Billardello,* 319 Ill. 124, the purpose of the act is to protect the public and is leveled against the possession of a motor vehicle tampered with as indicated in the act. It was held that the act "was enacted in the exercise of police power in the interest of the general welfare, not only for the protection of that part of the public who may be the owners of automobiles against theft, but for the protection of the public in general against the commission of crime and the escape of criminals by the use of stolen automobiles, whose identification is made difficult by the destruction of identifying marks." It is evident from the test applied to the engine block which plaintiff in error says he purchased, that it bore a number which had been filed off or erased, different from the one which plaintiff in error admits he put on it. In purchasing a used engine block, those familiar with the business of the manufacture of automobiles would naturally expect to find a number on it and would naturally inquire concerning such number. When plaintiff in error installed in his car the used engine block from which the number had been erased he adopted that engine block as a part of his car. To hold otherwise would have the effect of rendering section 35 of the Motor Vehicle law nugatory. Assuming plaintiff in error had placed the engine block, which he says had no number, into his car without placing a number thereon, he would have in his possession a car with an engine therein on which the number had been defaced. Section 35 provides that any person who finds himself in possession of an automobile where

the engine number has been destroyed, removed, altered or defaced without his knowledge or consent, may apply to the Secretary of State and get a new number assigned to him, which he may place on the engine. If what plaintiff in error says in his testimony is true, the defacement of the purchased block was without his knowledge or consent, and he could have protected himself by securing the necessary number from the Secretary of State. This he did not do. He had no right to stamp on this engine block a number not originally there. This was an alteration of the original engine number.

It is also urged by plaintiff in error that the gist of the offense is the intent on the part of the accused to destroy the identity of the car. That contention is settled to the contrary in *People* v. *Billardello, supra,* where this court said: "The principle has been established by many previous decisions referred to in the opinions in those cases, that in the exercise of the police power for the protection of the public the performance of a specific act may be declared to be a crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt."

The outstanding fact in this case is that the engine block which plaintiff in error says he substituted for the one which he took out and thereby made it a part of his automobile, bore evidence that the original number thereon had been defaced. His possession of it in his car is undenied, and section 35 has therefore been violated. He would have no more right to put the number of another car on a block which appeared to be blank than he had to erase the number. The intention of the statute is to prohibit substituted numbers on engine blocks, as those are matters of identification of automobiles. The finding of the municipal court in this case that plaintiff in error violated that act is justified by the provisions of section 35 of the act.

The judgment will be affirmed. *Judgment affirmed.*