THE PEOPLE ex rel. Paul W. Abt, County Collector, Appellee, *vs.* M. M. STEPHENS *et al.* Appellants.

*Opinion filed December 17, 1913.*

1. TAXES—*fact that the collector's advertisement of delinquent lands is called a "list" instead of "lists" is unimportant.* The fact that the collector's advertisement of delinquent lands is called a "list," whereas the advertisement, which covered several pages of the newspaper, contained a list of lands upon which the general taxes were due and also lists of those upon which special assessments for different purposes were due, is not material.

2. SAME—*when question whether the appellant's lands were described in delinquent list cannot be decided.* The question whether all of the lots and lands of the numerous appellants were described in the delinquent list and in the collector's advertisement cannot be decided, where the abstract of record is not in a condition to enable the court to intelligently pass upon the question without making an extended examination of the record itself.

APPEAL from the County Court of St. Clair county; the Hon. FRANK PERRIN, Judge, presiding.

JOHN HAY, for appellants.

CHARLES WEBB, State's Attorney, (A. B. DAVIS, of counsel,) for appellee.

A. H. BAER, for the city of East St. Louis.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of St. Clair county against appellants' property for delinquent taxes. Appellants appeared when application was made for judgment and objected. The objections questioned the jurisdiction of the court.

The case is presented by appellants' brief and abstract in such manner as to make it difficult to arrive at an understanding of all the questions discussed by appellants in their brief and argument. They objected to judgment on the ground that the court did not have jurisdiction. Five objections were filed but two of them were abandoned. The first objection insisted upon was that the collector did not publish notice of his intended application for judgment against appellants' lands and lots. The heading of the advertisement in the newspaper stated it contained a "list" of lands and lots upon which taxes, special assessments and costs were due and unpaid, and when mentioned at all, either in the heading or certificate of the collector, "list" was used in the singular. Appellants assert that there were several lists in the advertisement and that it could not be known what list was meant. We think this objection without merit. The advertisement was published in one issue of the newspaper covering several pages, and while it contained lands and lots upon which the general taxes were delinquent and others where special assessments for sewers, paving or drainage were delinquent, it was, we think, in fact but one list. At all events, it sufficiently notified the property owner that application would be made for judgment against his property for the delinquent tax. It is not probable that anyone could be injured or misled because the advertisement purported to contain a "list" instead of "lists" of delinquent lands and lots.

The second objection insisted upon is, that appellants' lands and lots were not listed or described in the delinquent list; and the third, that appellants' lands and lots were not listed or described in the advertisement published in the newspaper by the collector. We are satisfied these objections were properly overruled as to some of the property of appellants, but from the manner in which the record is abstracted it is impossible for us to go through the entire list for the purpose of ascertaining whether the objections should have been sustained to some of appellants' property. Only parts of the delinquent list or the list as advertised in the newspaper are to be found in the abstract, and although they are accompanied by explanatory notes of counsel, the questions are not so presented as that we can intelligently pass upon them without an examination of the record itself, which would require much more time and labor than we are able to give this case.

We find in the abstract what are called "general tax list objections" covering more than forty pages of the abstract, and "sewer list objections" covering about twenty pages. They appear not to have been filed before judgment, for each of them concludes with the statement that the objector excepted to the action of the court in rendering judgment against the land described. We have not examined all these "objections," for the reason that counsel insists appellants only entered a limited appearance for the purpose of questioning the jurisdiction of the court. Questions, as we understand from such examination as we have made of the "objections" last referred to, are raised by them, or some of them, which are not jurisdictional, and certainly questions are discussed in the briefs not going to the court's jurisdiction. While the transcript contains what purports to be a bill of exceptions, the certificate of the judge states that it does not contain all the evidence heard in the case, so that even if appellants were in a position to raise any other than the three jurisdictional objections we

would not be disposed to pass upon them in the state of this record. No claim is made that goes to the validity or substantial justice of the tax.

The judgment of the county court is affirmed.

`Judgment affirmed.`