(No. 12253.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOHN FERNOW, JR., Plaintiff in Error.

*Opinion filed February 20, 1919.*

1. CRIMINAL LAW—*section 15b of Motor Vehicle act is a proper exercise of police power.* The purpose of section 15b of the Motor Vehicle act, as amended in 1917, is to prevent the defacing, covering or destruction of the manufacturer's serial number or distinguishing mark, so as to preserve the identity of motor vehicles and thereby protect the public against violations of law, and the section is a legitimate exercise of the police power.

2. SAME—*when intent must be alleged and proved.* At common law a crime consisted of an unlawful act with evil intent, and in crimes created by statute, where a specific intent is required so that the intent and act may constitute the crime, the intent must be alleged and proved.

3. SAME—*when specific act may constitute crime without criminal intent.* In the exercise of the police power for the protection of the public the performance of a specific act may constitute a crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt, and the burden is placed on the individual of ascertaining at his peril whether his act is prohibited by criminal statute.

4. SAME—*section 15b of Motor Vehicle act does not infringe upon the bill of rights.* Section 15b of the Motor Vehicle act, as amended in 1917, making it a criminal offense to have possession of any motor vehicle from which the manufacturer's serial number has been removed, does not infringe upon the bill of rights or the fourteenth amendment to the constitution of the United States in creating a crime without guilty knowledge or intent.

5. SAME—*section 15b of the Motor Vehicle act is within general purpose of act as expressed in title.* Section 15b of the Motor Vehicle act, as amended in 1917, making it a criminal offense to have possession of any motor vehicle from which the manufacturer's serial number has been removed, has a single object and is within the general purpose of the act as expressed in the title.

6. SAME—*section 15b of Motor Vehicle act is not class legislation.* Section 15b of the Motor Vehicle act, as amended in 1917, making it a criminal offense to have possession of any motor vehicle from which the manufacturer's serial number has been removed, is not class legislation in not applying to owners of other vehicles, but the act applies to all persons in the same situation.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

VINCENT D. WYMAN, HARRY C. KINNE, and CHARLES E. CARPENTER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In February, 1918, John Fernow, Jr., a corporation, had two barns in the rear of 2906 and 2908 Michigan avenue, Chicago, rented from month to month under a verbal lease, for the storage of automobiles, and had in its possession in the barns ten Ford automobiles. The plaintiff in error, vice-president and general manager of the corporation, took the motors, upon which there were serial numbers of the manufacturer, together with dies for changing the numbers, to an automobile repair shop and hired and paid a repairman to file off the original numbers and put on new ones. The steel filings were still on the motors when they were found in the barn. An information was filed in the municipal court, which, as afterward amended, charged that the plaintiff in error on February 28, 1918, unlawfully and knowingly had in his possession the ten Ford automobiles, from which the manufacturer's serial numbers had been removed for the purpose of concealing or destroying the identity of the motor vehicles. The plaintiff in error pleaded not guilty and moved to quash the information on the ground that section 15b of the Motor Vehicle law is unconstitutional and void. The motion was overruled, and upon a trial plaintiff in error was found guilty and he was fined $100 and costs. A writ of error was sued out of

this court, and the errors assigned question the constitutionality of the law under which the plaintiff in error was convicted.

Section 15b of the Motor Vehicle act, added by amendment in 1917 and in force January 1, 1918, (Laws of 1917, p. 685,) provides as follows: "Any person having in his or her possession any motor bicycle or motor vehicle from which the manufacturer's serial number, or any other manufacturer's trade or distinguishing number or identification mark, has been removed, defaced, covered or destroyed for the purpose of concealing or destroying the identity of such motor bicycle or motor vehicle shall be liable to a fine of not more than two hundred dollars ($200) or imprisonment in the county jail for a period not to exceed six (6) months, or both."

The grounds upon which the validity of the section is challenged are, that it is an arbitrary and unreasonable exercise of the police power; that it violates section 2 of the bill of rights and the fourteenth amendment of the constitution of the United States; that it has more than one object and the object is not clearly indicated in the title of the act, and that it is unconstitutional and void as class legislation.

It is agreed that the section was enacted in the exercise of the police power, which may be exercised in the passage of laws for the protection of the public and the general welfare. The purpose of the act is to prevent the defacing, covering or destruction of the manufacturer's serial number or distinguishing mark, so as to preserve the identity of motor vehicles and thereby protect the public against violations of law. The motor vehicle has become the most common and efficient agency for the commission of crime and the chief instrumentality employed by criminals to avoid detection and escape punishment, and one of the methods employed is to destroy the evidence of identity. Motor vehicles have also become very frequent subjects of

larceny, and the removal or change of the serial number is a convenient method for preventing identification and recovery. One committing a crime, even the most serious, and escaping in an automobile, would be more difficult of apprehension if the serial number or identification mark should be removed. The section is a legitimate and proper exercise of the police power.

The argument that the section conflicts with the bill of rights and the fourteenth amendment to the constitution of the United States, which prohibit deprivation of life, liberty or property without due process of law, is, that the section creates a crime without guilty knowledge or intent, because the manufacturer's serial number or distinguishing mark may have been changed without the knowledge of the person having possession of the motor vehicle and may have been changed before the law went into effect. At common law a crime consisted of an unlawful act with evil intent, and in crimes created by statute a specific intent may be required so that the intent and act may constitute the crime, and in such cases the intent must be alleged and proved. Where a specific intent is not an element of the crime it is not always necessary that a criminal intent should exist. In the exercise of the police power for the protection of the public the performance of a specific act may constitute the crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt. For the effective protection of the public the burden is placed upon the individual of ascertaining at his peril whether his act is prohibited by criminal statute. The law in that regard has most frequently arisen in police regulations of the liquor traffic, but it has been applied in precisely the same way in other cases coming within the same rule and reason, such as a sale of imitation butter, a sale of milk below a prescribed quality, the obstruction of a public highway by a railroad corporation for longer than a specified time, the admission of a minor to a pool room,

driving an unregistered automobile, killing for sale an animal under a designated age, carriage by an express company for transportation beyond the State line of fish or game, and in prosecutions for bigamy. (*McCutcheon* v. *People,* 69 Ill. 601; *Farmer* v. *People,* 77 id. 322; *People* v. *Nylin,* 236 id. 19; *People* v. *Spoor,* 235 id. 230; *Barnes* v. *State,* 19 Conn. 398; *State* v. *Smith,* 10 R. I. 258; *Commonwealth* v. *Zelt,* 138 Pa. St. 615; *Humpeler* v. *People,* 24 Wis. 60; *Commonwealth* v. *New York Central and Hudson River Railroad Co.* 202 Mass. 394; *Commonwealth* v. *Mixer,* 207 id. 141; 20 Ann. Cas. 1152; *Wells Fargo Express Co.* v. *State,* 79 Ark. 349; 8 R. C. L. 62.) The section does not infringe upon the bill of rights or the fourteenth amendment to the constitution of the United States.

It is alleged that the section has more than one object and the object is not clearly indicated in the title of the act. The object is single, and although the title says nothing about the particular matter of having possession of a motor vehicle upon which the serial number has been changed, it comes within the general purpose of the act. The act has a general title and an aggregation of particulars which tend rather to confusion than certainty, but it includes the registration of motor vehicles upon an application setting forth the name of the maker and the factory and the engine number, and the section in question is within the general purpose of the act as expressed in the title.

The argument that the section is class legislation by singling out particular persons and casting a burden upon them is on the ground that persons having possession of buggies, wagons, binders, plows and other articles of personal property are exempted from the restrictions placed upon those having motor vehicles. It is too clear for argument that the articles mentioned are not used in the commission of crime as motor vehicles are, and that the public needs no protection against them by registration with the

Secretary of State or a serial number. The act applies to all in the same situation and is not subject to any of the objections made.

The judgment is affirmed.    *Judgment affirmed.*