THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY BILLARDELLO, Plaintiff in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*provision of Motor Vehicle act making it unlawful to have a car with engine number altered or defaced is valid.* The provision of section 35 of the Motor Vehicle act, as amended in 1921, making it unlawful to have in one's possession a motor vehicle the original engine number of which has been destroyed, removed, altered or defaced, is a valid exercise of the police power in the interest of the general welfare and deprives no one of his property or liberty without due process of law, as the law was enacted for the protection of all citizens, and a purchaser, by observing the provisions of the act, can assure himself that the engine number has not been changed.

2. SAME—*act of legislature in suppressing existing evil will not be held invalid unless clearly unconstitutional.* It is the function of the legislature to determine whether an evil exists which requires legislative action as well as what means shall be adopted to suppress the evil, and its action will not be interfered with unless clearly in violation of some constitutional limitation.

3. SAME—*in exercising police power an act may be declared a crime regardless of knowledge or intent.* In the exercise of the police power for the protection of the public the performance of a specific act may be declared to be a crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt.

HEARD, J., dissenting.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding.

KNIGHT & MOHR, (CARL A. SWENSON, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, EDWARD C. FITCH, and ALFRED B. LOUISON, for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted in the circuit court of Winnebago county on an indictment charging him with unlawfully having the custody and possession of a motor vehicle the original engine number of which had been destroyed, removed, altered, covered and defaced, and he has sued out a writ of error, alleging, among other things, that the provisions of section 35 of the Motor Vehicle act, under which he was convicted, are unconstitutional.

The facts appearing in evidence are that a Ford coupe belonging to Ervin Buehl, who lived in Monroe, Wisconsin, disappeared from in front of St. John's Evangelical Church in Monroe on February 14, 1924, its engine number being 8,667,859. It was found in the possession of the plaintiff in error on October 24, 1924, and the engine number had been changed to 8,687,858. He bought the car on March 22, 1924, for $475, and had had the possession of it ever since.

The plaintiff in error contends that he bought the automobile in good faith for an adequate consideration, with no knowledge of the defacement of the engine number; that these facts constituted a defense, and that if they do not, the statute results in an unconstitutional deprivation of his property and liberty, in violation of section 2 of the bill of rights of the State constitution and the fourteenth amendment to the Federal constitution.

The prohibition of section 35 of the Motor Vehicle act as amended in 1921, (Laws of 1921, p. 574) against the possession of a motor vehicle the original engine number of which has been destroyed, removed, altered, covered or defaced, was enacted in the exercise of the police power in the interest of the general welfare, not only for the protection of that part of the public who may be the owners of automobiles against theft, but for the protection of the public in general against the commission of crimes and the escape of

criminals by the use of stolen automobiles whose identification is made difficult by the destruction of identifying marks. Not only is the stealing of automobiles an extensive criminal avocation, but stolen automobiles are used extensively in the commission of other crimes in bringing the criminals to the scene of their criminal action from a great distance and in enabling them to depart swiftly to a great distance, leaving slight clues to their identity. These evils, and others connected with the use of automobiles and other motor vehicles, have rendered the adoption of stringent legislative regulation of dealing in motor vehicles, and of the transfer and use of them, necessary for the protection of the public. It is the function of the legislature to determine whether an evil exists which requires legislative action as well as what means should be adopted to suppress the evil, and its action will not be interfered with unless clearly in violation of some constitutional limitation. *People* v. *McBride,* 234 Ill. 146; *People* v. *Elerding,* 254 id. 579; *People* v. *Stokes,* 281 id. 159; *Stewart* v. *Brady,* 300 id. 425.

It is contended that it is arbitrary and unreasonable to · subject a citizen to a deprivation of his property and his liberty by imposing a fine and imprisonment on him for an act done without any criminal intent and in ignorance of any violation of law. This case is governed by the same principle which applied to the case of *People* v. *Fernow,* 286 Ill. 627, and *People* v. *Johnson,* 288 id. 442. The principle had been established by many previous decisions referred to in the opinions in those cases, that in the exercise of the police power for the protection of the public the performance of a specific act may be declared to be a crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt. It was said in the first case: "For the effective protection of the public the burden is placed upon the individual of ascertaining at his peril whether his act is prohibited by criminal statute. The law in that regard has most frequently arisen in police regu-

lations of the liquor traffic, but it has been applied in precisely the same way in other cases coming within the same rule and reason," and a number of other cases are thereupon cited in the opinion. The legislature has deemed it necessary to the protection of the public from the evils arising from the unregulated use, sale and transfer of motor vehicles, from the crimes committed by their use, from the thefts to which they are so readily subject, to provide a system of registration and identification. This is in part based on the factory and engine numbers, which must be shown in the bill of sale which every manufacturer or dealer, on the sale of any motor vehicle, is required to give to the purchaser. The purchaser is required, within ten days, to apply to the Secretary of State for a certificate of registration, and his application must state the factory and engine numbers of the vehicle. On every transfer the vendor must give a bill of sale showing the factory and engine numbers and remove the license number plate or plates from the vehicle, and the purchaser must register the vehicle as in case of an original registration. Thus, if purchasers of motor vehicles will observe the plain provisions of the law, the ownership of any motor vehicle may be readily traced from the manufacturer to the owner at any time. There is no hardship in requiring every citizen to observe the provisions of the law enacted for the protection of all citizens. Bills of sale must accompany every transfer from the manufacturer to the last owner. By the exercise of reasonable care when he becomes the owner of a motor vehicle, a purchaser can assure himself that the factory and engine numbers have not been changed and that the provisions of the law have been complied with, or if they have not, he can decline to purchase.

From the fact that section 35 authorizes a person having possession of a motor vehicle the original engine number of which has without his knowledge or consent been destroyed, removed, altered or defaced, to obtain from the Secretary

of State permission to cause a special engine number to be stamped on the engine of such motor vehicle, it is argued that the legislature did not intend the penalty imposed by section 35 to apply to such owner whose possession is without knowledge of the change of the engine number. No such effect can be given to this proviso. The *Fernow case* and the *Johnson case* had been decided two years before the amendment of 1921 was passed. It must be presumed that the legislature knew of those decisions, and if it had been the intention to provide a penalty only in case the possession was with actual knowledge the legislature would have expressed that intention. This provision was not intended to relieve the purchaser of a motor vehicle the engine number of which had been destroyed, removed, altered or defaced, from the penalty incurred by reason of his neglect to ascertain that fact, but was intended, as the language expresses, for the benefit of a person the original engine number of whose motor vehicle, while in his possession, has been without his knowledge or consent destroyed, removed, altered or defaced; as, for instance, where it may have been stolen and recovered after the engine number had been destroyed.

Objections are made to rulings of the court upon the admission of evidence and the refusal of instructions, but they are all based on the theory that knowledge by the plaintiff in error of a change in the engine number was essential to his conviction, contrary to the views which have already been expressed.

The judgment is affirmed.         *Judgment affirmed.*

Mr. JUSTICE HEARD, dissenting.