(No. 26241.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN PLAYER, Plaintiff in Error.

*Opinion filed September 17, 1941.*

418

GEORGE I. HICKS, and HOFF & HOFF, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and A. H. GREENING, State's Attorney, (THOMAS W. HOOPES, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error, John Player, and his co-defendant, Robert Player, operated a dairy in Du Page county and

sold dairy products at retail. They were indicted and convicted in the circuit court of Sangamon county for failure to make the monthly returns to the Department of Finance as required by section 3 of the Occupational Tax act. (Ill. Rev. Stat. 1939, chap. 120, par. 442.) The indictment, which consisted of three counts, charged an offense for each of the months of April, May, and June, 1939. Plaintiff in error was sentenced to pay a fine of $1000 and committed to jail for ninety days. Robert Player was convicted and sentenced to pay a fine but no writ of error was sued out to review his conviction. The conviction of plaintiff in error was affirmed by the Appellate Court (309 Ill. App. 435) and is here for further review.

Plaintiff in error contends that evil intent is an element of the crime for which he was convicted and that there is no evidence to prove a willful or intentional violation of the statute. He concedes no returns were made for either of the months named in the. indictment but says he had a valid reason for such failure which takes from his act of omission all evidence of criminal intent. Such contention is based on the fact that in July, 1936, the Department of Finance instituted a civil action in the circuit court of Du Page county against plaintiff in error and his co-defendant to recover taxes claimed to be due. It was based upon an assessment made by the department in June of that year and covered the period from August, 1934, to May, 1936, inclusive. The civil action was pending when the returns in question should have been filed. Plaintiff in error says that if he had made the returns, the information contained therein would have prejudiced his defense and transgressed upon his rights in the civil action and that no evil intent to violate the statute can be imputed under such circumstances.

It is difficult to see how plaintiff in error, as a citizen of the State, would have a right to withhold from the State information in reference to his property or methods of

business when such information was needed by the State acting in its sovereign capacity in determining whether there was a tax due from him on such occupation. Plaintiff in error does not point out in what respects the making of returns or the data required by the statute to be included in the returns would, if divulged, prejudice his rights in the civil action. He knew the character of the business in which he was engaged and the law charges him with the knowledge of the law and the applicability of the requirement features of the Occupational Tax act to such business. In *Ellis* v. *United States*, 206 U. S. 246, 51 L. ed. 1047, it was said: "If a man intentionally adopts certain conduct in certain circumstances known to him, and that conduct is forbidden by the law under the circumstances, he intentionally breaks the law in the only sense in which the law ever considers intent." If plaintiff in error elected to ignore the requirements of the statute in the belief that his occupation was not taxable when, in law, it was, the motive which prompted its violations does not afford him a defense against its enforcement. Under such circumstances it may be assumed that he did not intend to violate a law, but if the course of conduct he selected resulted in a violation of the statute, the fact that he intended to keep within the law will not help him. (*Horning* v. *District of Columbia*, 254 U. S. 135, 65 L. ed. 185.) The fact that defendant had a civil action pending against him for the collection of a tax claimed to have become due more than a year previous to the time when he was required to file these returns could not excuse him from filing the returns for the months in question. His conduct was such that it must be deemed to have been a willful and intentional violation of the statute.

Defendant in error contends that, aside from the question of fact that may be involved, criminal intent is not, under the statute, an essential element of the crime. Section 3 of the act requires those engaged in the business

of selling tangible personal property at retail to make a return to the Department of Finance on or before the fifteenth day of each calendar month. The statute specifies the data that are required to be shown in such return.

The indictment in this case is based upon section 13 of the act (Ill. Rev. Stat. 1939, chap. 120, par. 452) the pertinent parts of which are: "Any person engaged in the business of selling tangible personal property at retail in this State who fails to make a return, or to keep books and records as required herein, or who makes a fraudulent return, or who willfully violates any rule or regulation of the department for the administration and enforcement of the provisions of this act * * * is guilty of a misdemeanor," etc. This section is directed at the retailer's failure to make monthly returns, failure to keep books and records, against the making of fraudulent returns and the violation of rules or regulations which have been adopted by the department.

Section 3 of the act imposes obligation on the retailer to make the monthly return and section 13 makes the omission of such duty a criminal act. The word "willfully" as used in the section refers to violations of rules and regulations of the department and does not relate to the retailer's failure to make returns, keep books and records or the making of fraudulent returns.

At common law a crime consisted of the doing of an unlawful act with evil intent. Statutes often prohibit the doing of an act and make the commission of the act a crime if it is done with evil intent. In such cases the intent must be alleged and proved. (*People* v. *Fernow,* 286 Ill. 627.) On the other hand a statute may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer. In such cases the doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted, the knowledge or ignorance of its criminal char-

acter are immaterial on a question of guilt and need not be alleged or proved. (*People* v. *Fernow, supra; People* v. *Johnson,* 288 Ill. 442; *People* v. *Billardello,* 319 id. 124.) Such legislation has been sustained against constitutional attack on the grounds it was enacted in the exercise of the police power. The statute in question is directed against an act of omission and makes it criminal.

It may be said section 13 was not enacted in the exercise of police power. It was adopted by the sovereign in the exercise of its powers to levy and collect taxes. In the enactment of such legislation it has the power to impose duties upon the taxpayer to file schedules and make reports. Such requirements, in so far as they do not transgress upon some constitutional provision, are valid and enforcible. There is no constitutional provision which requires that *scienter* shall be a necessary element of any law which makes it a crime for a taxpayer to omit the doing of an act enjoined upon him by the State, which has been enacted in the exercise of its power to levy and collect taxes.

That part of the allegation of each count of the indictment which charged plaintiff in error and his co-defendant with having "intentionally, willfully and unlawfully" violated the act may be treated as surplusage and not necessary to prove.

Plaintiff in error complains of the court's refusal to give an instruction tendered by him. This instruction embodied the principle of intent as an element of the crime and was, for the reasons already assigned, properly refused.

The jury found plaintiff in error and his co-defendant "guilty in manner and form as charged in the indictment." Upon this verdict the court imposed a sentence upon plaintiff in error to pay a fine and to serve a term of ninety days in the county jail. The verdict meant the defendants were guilty on every count of the indictment and authorized the imposition of a penalty on each count. (*People* v. *Brown,* 273 Ill. 169.) The rule is the State may join mis-

demeanors of the same character in the same indictment and the court may fix a separate punishment on each count on which there is a conviction. (*Borschenious* v. *People,* 41 Ill. 236; *Kroer* v. *People,* 78 id. 294.) If the sentence imposed was considered to be a judgment on each of the counts of the indictment then it should have been separated as to each count. The rule is that where a defendant is sentenced upon different indictments or different counts of the same indictment, the correct method of entering judgment is not to impose total time in gross but for a specified time under each count, the time under the second count to commence when the first ends and so on to the last. (*People* v. *Elliott,* 272 Ill. 592; *Mullinix* v. *People,* 76 id. 211.) Plaintiff in error had the right to have a correct judgment entered upon the verdict. Since there was no reversible error in the record up to the time the sentence was pronounced the judgment will have to be reversed and the cause remanded with directions that the court enter proper judgment on the verdict. The Appellate Court recognized there was error in the judgment but was of the opinion plaintiff in error had not made specific request for correction of the judgment and affirmed on the authority of *People* v. *Rettich,* 332 Ill. 49. We regard the errors assigned sufficiently comprehensive to amount to a request for a corrected judgment.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court, with leave to the State's attorney to move for, and directions to the court to enter, a judgment in accordance with the rule established by this court as above stated.

*Reversed and remanded, with directions.*