People of the State of Illinois, Plaintiff-Appellee, v. Sherman Greene, Defendant-Appellant.

Gen. No. 51,406.

First District, First Division.

February 19, 1968.

Block, Levy & Becker, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James B. Zagel, Daniel Weil, and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Sherman Greene, was charged and convicted of the crime of Deceptive Practices and sentenced to nine months imprisonment after a trial by jury.

On appeal, the defendant contends that the complaint failed to allege the commission of a crime in that it failed to allege an "intent to defraud," and, therefore, is void and subject to attack for the first time on appeal. He further contends that the State knowingly and corruptly allowed perjured testimony to be used by its principal witness in obtaining the conviction of the defendant.

The record reveals that on August 10th, 1964, a complaint was filed against the defendant in the 2nd Municipal District of the Circuit Court. The complaint alleged that the defendant had committed the offense of "Deceptive Practice in that he with intent to obtain control over $124.26, the property of Kroger Company, an Ohio Corporation, issued a check numbered 319, drawn on The First National Bank & Trust Company of Evanston, Illinois, for payment of said money, knowing that it would

not be paid by said bank in violation of Chapter 38, Section 17–1 (d) Illinois Revised Statute."

This section reads as follows:

A Person commits a deceptive practice when:

(d) With intent to obtain control over property, or to pay for property, labor or services of another, he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered is prima facie evidence that the offender knows that it will not be paid by the depository.

On May 21, 1965, the defendant was found guilty as charged by a jury, and on June 9, 1965, he was sentenced to a nine-month term at the Vandalia State Farm. On April 5, 1966, the defendant's appeal was dismissed for want of prosecution in this court.

On May 4, 1966, the defendant filed a petition in the Municipal Court Division of the Circuit Court in the nature of a writ of error Coram Nobis pursuant to chapter 110, section 72 of the Illinois Revised Statutes. In this petition the defendant alleged that his conviction was obtained upon the perjured testimony of one Norman Deletzke, Jr., an accomplice witness, who was a codefendant and never prosecuted. It was further alleged that Deletzke falsely testified that no promise of leniency had been made to him by the prosecution in exchange for his testimony against the defendant; and that the State, through its knowing use of the aforementioned perjured testimony, had deprived the defendant of due process of law, and he prayed for a new trial. On May 11, 1966, the defendant filed an alternative petition as an amendment to his previous petition in which he claimed

that the complaint under which he had been convicted contained no allegation that his conduct was done with "intent to defraud" and, therefore, was null and void as a matter of law, and subject to collateral attack at any time. He prayed that his conviction be set aside and held for naught.

We shall first consider the contention by the State that a faulty indictment may not be attacked for the first time in a proceeding brought under section 72. The State argues that the right to challenge the complaint was lost when defendant's appeal was dismissed in this court for want of prosecution.

 We are of the opinion that the failure to charge a public offense in a complaint or indictment is a defect that may be attacked at any time in this court even though the point was not raised in the trial court or on the first appeal. We further point out that although a motion under section 72 was not the only method available for calling to the court's attention the failure of the complaint to allege a criminal offense, that section is an appropriate method for attacking errors of law apparent on the face of the record. Collins v. Collins, 14 Ill2d 178, 151 NE2d 813. The trial court is not authorized to convict a person who has not been charged with a violation of the criminal law. People v. Minto, 318 Ill 293, 149 NE 241.

There is no question but that in the instant case the complaint charged an offense in the language of Illinois Revised Statutes, 1963, chapter 38, section 17–1(d). The defendant argues, on appeal, however, that merely alleging the offense in the language of the statute was not sufficient to charge him with the commission of a crime because the legislature in passing section 17–1(d) had not intended to alter the elements of the crime of deceptive practices as defined by section 255, the predecessor to 17–1(d). The defendant further contends that since sec-

tion 255 had included "intent to defraud" as an essential element of the offense of deceptive practices, a complaint under section 17–1(d) must allege said intent, and, therefore, a complaint which fails to do so is fatally defective and void.

The defendant's contentions are strongly supported by the case of People v. Billingsley, 67 Ill App2d 292, 213 NE2d 765 (1966). In Billingsley the defendant was convicted of passing a worthless check, a deceptive practice under section 17–1(d). In reversing the conviction the Appellate Court held that the complaint was fatally defective, and subject to attack for the first time on appeal, because it failed to allege a necessary element of the crime attempted to be charged, namely, an "intent to defraud." The court further held that the legislature in passing section 17–1(d) had intended to include an "intent to defraud" as an essential element of the offense set out therein, and that a complaint alleging a violation of section 17–1(d) must set out an "intent to defraud" or be declared fatally defective and void.

The State admits that this case is in point, but urges that we reject the opinion of the Court in Billingsley. We are not so inclined. We consider the Billingsley opinion to be well reasoned and precisely in point.

A result similar to that in Billingsley was reached in People v. Samples, 80 Ill App2d 182, 224 NE2d 284 (1967). In that case the defendant's motion to dismiss a complaint under section 17–1(d) because it failed to allege an intent to defraud was sustained and the State appealed. The Appellate Court, in affirming the dismissal of the complaint, closely followed the reasoning of the court in Billingsley, while rejecting the contention of the State that the holding in Billingsley had been incorrect:

> Neither can we say that the Legislature when they codified the former "bad check" section (Sec 255,

Ch 38 Ill Rev Stats 1961) by the adoption of Sec 17–1(d) intended to eliminate the previously essential element of "intent to defraud" even though they did not include those specific words in the codification. Had they intended to alter the essential element of the crime, the resulting Sec 17–1(d) would not have been a codification of the former Section 255, as it is stated to be in the Committee Comments, but would describe a different crime with different essential elements. (80 Ill App2d at page 186.)

The State argues that ordinarily a criminal complaint is sufficient which charges an offense in the language of the statute defining the offense. Prior to the enactment of section 111–3(a) of the Criminal Code an offense was usually charged either in the language of the statute or by specifically setting forth the facts constituting the offense. See People v. Barnes, 314 Ill 140, 145 NE 391. However, as pointed out by the court in Billingsley, "Where . . . the statute does not describe the acts which constitute the crime, or where, by its generality, it may embrace acts which the statute does not intend to punish, a charge solely in the language of the statute is not then sufficient." 67 Ill App2d at pages 298–299. (Citations omitted.)

██ We have concluded that the complaint in the instant case did not set forth the nature and elements of the offense charged, as required by subparagraph (3) of section 111–3(a), in that it did not allege an "intent to defraud," an essential element of the offense of deceptive practices as defined in section 17–1(d). An "intent to defraud" is an essential element of the crime of issuing or delivering a check for payment of money, knowing it will not be paid by the depositary. Therefore,

the complaint was fatally defective and the judgment entered on the verdict is reversed. People v. Minto, 318 Ill 293, 149 NE 241. We need not consider the other contentions raised by defendant.

Judgment reversed.

ADESKO and MURPHY, JJ., concur.