THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY ALAN NUNN, Defendant-Appellant.

Third District   No. 77-108

Opinion filed November 29, 1978.

BARRY, P. J., specially concurring.
STENGEL, J., dissenting.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas Homer, State's Attorney, of Lewistown (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Fulton County, after trial by jury, finding defendant, Roy Alan Nunn, guilty of reckless homicide, leaving the scene of an accident involving death, and driving on a suspended license, and sentencing him to concurrent terms of from one to three years for reckless homicide and to terms of 364 days on each of the other two charges.

The State's evidence tended to establish that at about 6 a.m. on October 30, 1976, a pickup truck driven by defendant veered from the westbound lane of Highway U.S. 24 near Lewistown into the eastbound lane, striking a car driven by Carol Bedwell. The Bedwell car then traveled into the westbound lane and crashed head-on into another vehicle being driven by a David Smith. Mrs. Bedwell died as a result of injuries sustained in the accident. The truck driven by the defendant continued into Lewistown where defendant and James Omohundro, who had been riding in and who owned the truck, were arrested by the police. The officers testified there was an odor of alcohol about defendant and described how he stumbled and staggered when he got out of the squad car at the police station. Any information pertaining to intoxication or to the symptoms thereof was omitted from the police report filed immediately after the accident. The State's evidence also established defendant had been drinking beer the previous evening and had apparently been driving around Fulton County until the time of the accident.

Defendant's evidence tended to establish he was not intoxicated at the time of the accident, but rather asleep at the wheel. He and James Omohundro, who was asleep, were both awakened by a thud and stopped the truck a short distance down the road to look for damage. Although the truck was dented, defendant saw nothing up the road and therefore assumed they had struck an animal. Omohundro then took the wheel and drove into Lewistown.

The statute which defendant is charged with violating reads as follows:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible

and shall then forthwith return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of Section 11—403 * * * ." (Ill. Rev. Stat. 1975, ch. 95½, par. 11—401(a).)

The only issue on this appeal is whether the trial court erred in failing to instruct the jury the offense of leaving the scene of an accident involving death requires an element of knowledge.

The instruction involved on this appeal reads as follows:

"A person commits the crime of leaving the scene of an accident involving injury or death who, is the driver of a vehicle involved in such an accident, and who fails to immediately stop such vehicle at the scene of such accident, or after stopping fails to return to the scene forthwith, and, in every event remain at the scene until he has given his name, address, registration number of the vehicle he is driving, and rendered reasonable assistance to any person injured."

Defense counsel objected to the giving of this instruction because it contained no requirement that, in order to find the defendant guilty, the jury should conclude defendant had knowledge he had been involved in an accident involving injury or death.

The State contends the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—401(a)) describes an absolute liability offense relying principally on *People v. Walker*, 18 Ill. App. 3d 351, 309 N.E.2d 716. We do not agree.

■■ Section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 4—9 provides:

"A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4—4 through 4—7 if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

The extensive committee comments to this section (Ill. Ann. Stat., ch. 38, par. 4—9, Committee Comments, at 281 (Smith-Hurd 1972)) suggest that the spirit and intention of the legislature should be construed as including a mental state unless absolute liability without any required mental state is unquestionably demonstrated. Two sentences in the committee comments are quite appropriate.

The first observes:

· "This section is intended to establish, as an expression of general legislative intent, rather strict limitations upon the interpretation that mental state is not an element of an offense, although the express language of the provision defining the offense fails to

describe such an element." (Ill. Ann. Stat., ch. 38, par. 4—9, Committee Comments, at 281 (Smith-Hurd 1972).)

Later in the comments the committee observes:

"[T]he second part of section 4—9 expresses the policy that in other offenses not including a mental state in the definition only a clearly indicated legislative intent to create absolute liability should be recognized, and in all other instances, a mental-state requirement should be implied as an application of the general rule that an offense consists of an act accompanied by a culpable mental state, as expressed in Section 4—3." (Ill. Ann. Stat., ch. 38, par. 4—9, Committee Comments, at 283 (Smith-Hurd 1972).)

General principles of judicial review require that we interpret statutes in accord with the intent and spirit of the legislature. From the language of the statute and committee comments, the legislature has declared that criminal offenses include a mental state unless the contrary is clearly shown by the language creating the offense. The language of the statute creating the offense involved in this case neither refers to a mental state as an element of the offense nor specifically indicates that the offense is committed without any particular mental state.

In *People v. Billingsley*, 67 Ill. App. 2d 292, 213 N.E.2d 675, and *People v. Greene*, 92 Ill. App. 2d 201, 235 N.E.2d 295, the court interpreted a provision of the Criminal Code as it existed in 1965 with reference to bad checks or more technically, deceptive practices. The court held section 17—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1965, ch. 38, par. 17—1(d)) as requiring intent to defraud even though the statute did not so require. Both cases discuss the failure of the statute to specify a mental state and conclude that the legislature did not intend absolute liability without one of the mental states. In *Greene* the court refers to the fact that a mental state was required prior to the enactment of the Criminal Code, but indicates that the failure to include the mental state as an element of the offense did not indicate any intention of the legislature to create an offense without an appropriate mental state.

The offense charged in *People v. Arnold*, 3 Ill. App. 3d 678, 279 N.E.2d 436, was a violation of the statute requiring a person operating under an assumed name to file in the county clerk's office. Again, although the statute did not refer to any mental state, the court concluded that unless there was an intent to deceive, the failure to file or register under an assumed name did not constitute a criminal offense.

Another case illustrating the principle that a mental state will be required as an element of a criminal offense even though not specified in the statute is *People v. Hutchinson*, 46 Ill. App. 3d 725, 361 N.E.2d 328. The charge of illegal transportation of alcohol against the defendant driver arose from the presence of an open bottle of alcohol in a brown

paper bag in the possession of a passenger in the vehicle. Again the court held that knowledge was an element of the offense.

We note numerous cases in other states hold knowledge or intent is an element of offenses similar to the one in the case at bar. See *State. v. Christopher*, 176 N.W.2d 777 (Iowa 1970); *Herchenbach v. Commonwealth*, 185 Va. 217, 38 S.E.2d 328 (1946); *People v. Holford*, 63 Cal. 2d 74, 403 P.2d 423, 45 Cal. Rptr. 167 (1965); *Touchstone v. State*, 42 Ala. App. 141, 155 So. 2d 349 (1963); and *People v. Mayo*, 194 Cal. App. 527, 15 Cal. Rptr. 366 (1961). See also Annot., 23 A.L.R.3d 497, §II—3(a), (b) (1969).

The State relies principally on *People v. Walker*, 18 Ill. App. 3d 351, 309 N.E.2d 716, and indeed the *Walker* case holds the offense involved in this case does not require a mental state as a part of the offense. However, we are not persuaded the reasoning in *Walker* fully explores the problem or requires the result reached. The court in *Walker* seems primarily concerned with addressing the question of whether there can be a criminal offense not requiring a mental state. In *Walker* the court concluded there could be such offenses and then concludes that leaving the scene of an accident was such an offense without even mentioning section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 4—9) and without so much as alluding to the general rule that a criminal offense includes a mental state unless the definition of the criminal offense clearly does not require such a mental state. If the court in *Walker* had considered this rule, section 4—9, and the cases where mental states were required although not specified in the offense, we believe it might have reached a contrary result.

Leaving the scene of an accident is proscribed because it should be the duty of motor vehicle operators both to render whatever assistance may be required to others involved and to report the circumstances of the accident. If the driver is unaware that an accident has occurred there can be little practical justification for concluding that the driver neglected his duties. Examples can come to mind where the driver neither knows nor should have known of the occurrence of an accident. For instance, if a pedestrian walks into the side of a moving car or truck or perhaps his clothing becomes entangled with a passing motor vehicle, it is quite possible that the driver will be unaware of the incident even though properly operating his motor vehicle. There would appear to be no useful purpose served in imposing criminal sanctions for such conduct. Furthermore, whether a driver knew or should have known of his involvement in an accident may be demonstrated by inferences arising from the circumstances of the accident itself and consequently, requiring knowledge as an element of the offense imposes no unreasonable burden.

■■ We conclude that knowledge is an element of the offense charged in

this case and that the court erred in giving instructions not including this mental state as an element of the offense.

Due to the unique circumstances in this case wherein defendant has not only served his sentence, but also has not appealed from the convictions for which he received concurrent sentences, it would serve no purpose to reverse and remand this cause.

For the foregoing reasons that part of the judgment of the circuit court of Fulton County finding defendant guilty of leaving the scene of an accident and sentencing him to a term of 364 days is reversed.

Judgment reversed.

Mr. PRESIDING JUSTICE BARRY, specially concurring:

I concur generally with the majority opinion both as to the reasoning expressed therein and the result reached. Nevertheless, I wish to comment upon the case of *People v. Walker* (1st Dist. 1974), 18 Ill. App. 3d 351, 309 N.E.2d 716, which is relied upon by the State and the dissenting opinion. The *Walker* case involved the same offense of leaving the scene of an accident as here. The issue raised there was whether the indictment charging the offense was sufficient absent an allegation of the mental state of knowledge. The court upheld the conviction finding an allegation of mental state was not necessary. The court relied upon the case of *People v. Fernow* (1919), 286 Ill. 627, 122 N.E. 155, and *People v. Player* (1941), 377 Ill. 417, 36 N.E.2d 729, both of which are factually distinguishable. Both those cases upheld the validity of different absolute liability statutes, and neither can be interpreted as reading into the offense of leaving the scene of an accident the legislative intent to make such statute one of absolute liability. The failure of an indictment to allege all the elements of an offense, as in *Walker*, is not a jurisdictional defect. (*People v. Rege* (1976), 64 Ill. 2d 473, 356 N.E.2d 537.) Furthermore an indictment or information phrased essentially in the terms of the statutory offense has been held to be sufficient. (See *People v. Grant* (1974), 57 Ill. 2d 264, 312 N.E.2d 276, and *People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897.) With regard to an error in jury instructions defining the elements of the crime charged, I believe there can be no such indulgent nature as with an indictment.

In the case at bar the error occurred in a failure to instruct the jury as to a necessary element of the offense charged, the mental state of knowledge

that an accident occurred. The statute (Ill. Rev. Stat. 1975, ch. 95½, par. 11—401(a)) proscribes leaving the scene of an accident involving injury or death. As the majority opinion correctly points out the jury must be properly instructed that the prosecution has the burden of proving that the accused had knowledge of the collision itself. It follows therefrom that the jury, if it concludes that the defendant had such guilty knowledge, may infer from the circumstances of the vehicular accident that the defendant also had knowledge that the collision was of such a violent character as to involve injury or death. In the instant case the defendant stopped, apparently within sight distance and looked back, and the jury could infer saw some result of the head-on accident that occurred. Thus the requirement of knowledge of the injury or death caused by the accident may be found from knowledge of the accident, and therefore may operate much the same as the requirement of only knowledge of the collision.

I conclude a properly instructed jury may infer knowledge of the collision itself from the circumstances surrounding the accident if it believes from those circumstances that the defendant could not but help have knowledge of the occurrence. Absent an instruction on the proper mental state to be applied to the case it is more than obvious that the jury was misguided to the manifest prejudice of the defendant, Nunn. The error in this case was not harmless, nor was the proof otherwise sufficient to establish guilt beyond a reasonable doubt. (See *People v. Oliver* (1st Dist. 1977), 50 Ill. App. 3d 665, 365 N.E.2d 618.) Accordingly I join in the majority opinion reversing the defendant's conviction for leaving the scene, though a remandment would be in order had the defendant not already served his sentence.

Mr. JUSTICE STENGEL, dissenting:

I dissent. Broadly speaking this case brings into sharp focus the clash between conflicting social philosophies which are reflected in the interpretation of constitutional and statutory provisions. The only issue on this appeal is whether the court erred in failing to instruct the jury that the offense charged requires an element of knowledge. This question, of course, involves an interpretation of whether the offense of leaving the scene of an accident requires an allegation of a mental state. Section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 4—9), quoted in the majority opinion, authorizes legislative imposition of absolute liability in certain cases.

The Illinois Supreme Court has upheld the validity of statutory provisions imposing liability without wrongful intent, stating the rationale as follows:

"Where a specific intent is not an element of the crime it is not

always necessary that a criminal intent should exist. In the exercise of the police power for the protection of the public the performance of a specific act may constitute the crime regardless of either knowledge or intent, both of which are immaterial on the question of guilt. For the effective protection of the public the burden is placed upon the individual of ascertaining at his peril whether his act is prohibited by criminal statute." *People v. Fernow* (1919), 286 Ill. 627, 630, 122 N.E. 155. See also *People v. Billardello* (1925), 319 Ill. 124, 149 N.E. 781.

Hundreds of provisions in the Illinois Criminal Code of 1874, and numerous other statutes of a regulatory nature ouside of the Code, have defined offenses without requiring an express mental state. These provisions can be explained as involving the many acts that are so destructive of the social order, and also recognizing the extreme difficulty of establishing the element of criminal intent. Consequently in the interest of justice, the legislature has provided that the doing of the act itself constitutes a crime regardless of knowledge or criminal intent on the part of the defendant. The Committee Comments to section 4—9 state, "In view of the difficulty of enforcing such provisions if mental state must be proved in each instance, the assumption seems proper that in these instances the omisson of such a requirement is intended to create absolute liability."

Of greater importance, however, is the legislative history of section 11—401(a) of the Illinois Vehicle Code. To me it appears clear that the legislature purposefully drafted the present "leaving the scene" statute without requiring knowledge or criminal intent on the part of a driver. The original statute enacted in 1923 required "no person operating or driving a vehicle on the highway *knowing* that an injury has been caused ° ° ° ." (Emphasis added.) (Ill. Rev. Stat. 1925, ch. 121, par. 242(a).) That statute was changed prior to 1955 by the legislature to eliminate the mental element and since that time *knowledge* is not an element of proof.

Since many years have elapsed without legislation readopting the *knowledge* element, I feel compelled to construe the present statute so that it will give effect to the intention of the legislature in adopting the change, and not resort to judicial legislation that the majority opinion attempts to formulate. In construing statutes, the intention of the legislature is to be ascertained and given effect, if possible, and if the statute is susceptible of more than one construction, it should be given the construction which will effect its purpose, rather than one which will

defeat it. (*People v. Joyce* (1910), 246 Ill. 124, 130, 103 N.E. 581.) A long time ago Justice Cardozo aptly said:

> "Within the field where men of reason may reasonably differ, the legislature must have its way." *Williams v. Mayor of Baltimore*, 289 U.S. 36, 42, 77 L. Ed. 1015, 1022, 53 S. Ct. 431, 433.

The precedent established in *People v. Walker* (1st Dist. 1974), 18 Ill. App. 3d 351, 309 N.E.2d 716, should be followed, as the trial court in this case gave the proper instruction. The conviction should be affirmed.