(No. 55567.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ONE 1979 PONTIAC GRAND PRIX AUTOMOBILE *et al.*, Appellees.

*Opinion filed March 29, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

J. Scott Swaim, of Swaim & Swaim, of Kankakee, for appellee Allison Bridegroom.

CHIEF JUSTICE RYAN delivered the opinion of the court:

This case involves a challenge to the constitutionality of section 4—107(i) of the anti-theft article of the Illinois Vehicle Code. (Ill. Rev. Stat. 1979, ch. 95½, par. 4—107(i).) The statute provides that an automobile which has the manufacturer's identification number removed, altered, defaced or destroyed may be seized and, if the true manufacturer's identification number cannot be identified, the automobile shall be considered contraband. The statute states that a person owning, leasing or possessing the automobile has no property rights in the vehicle. The issue raised in this appeal is whether the seizure and subsequent sale of an automobile having a defaced or destroyed vehicle identification number violates the due process rights of an innocent purchaser having no knowledge of the altered number where the original vehicle identification number cannot be determined and the original owner cannot be ascertained.

The essential facts are undisputed. On September 15, 1979, Allison Bridegroom purchased a 1979 Pontiac Grand Prix from Celeste Motors in Kankakee, Illinois. At the time of purchase, he obtained from the dealer a bill of sale and title. The title carried the vehicle identification number 2J37Y9A117004 which matched the vehicle

identification number on the dashboard of the automobile. Bridegroom paid Celeste Motors $5,000 for the vehicle.

In January 1980, a representative of the Secretary of State's office and the city of Kankakee police department confiscated the vehicle from Bridegroom declaring it to be contraband. They informed him that the vehicle identification number on the Grand Prix was a false identification number, belonging to a car registered in Texas, and that the confidential vehicle identification number had been so badly mutilated that it was impossible to determine the true vehicle identification number. As a result, under section 4—107(i) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 4—107(i)) the vehicle was considered contraband, to be disposed of in accordance with the provisions of that code, and the proceeds were to go to the city of Kankakee pursuant to section 4—211 (Ill. Rev. Stat. 1979, ch. 95½, par. 4—211).

In May 1980, the State's Attorney of Kankakee County filed a complaint for an order to sell the automobile. It was an *in rem* proceeding; the vehicle itself was made a party defendant. Bridegroom was not made a party to the proceedings and no process or notice was served on him.

In June 1980 Bridegroom was allowed to intervene and filed a motion to strike. After a hearing, the trial court denied Bridegroom's motion to strike, finding section 4—107(i) of the Illinois Vehicle Code to be constitutional, and entered an order allowing the State to affix a new vehicle identification number on the automobile and the city to sell it.

On appeal to the appellate court, Bridegroom raised two issues: (1) whether section 4—107(i) is unconstitutional as applied in the instant case as a violation of Bridegroom's due process rights, and (2) whether Bridegroom, as a bona fide purchaser for value, has paramount rights of ownership against the State, the city and the unidenti-

fiable true owner. The appellate court reversed the decision of the circuit court on the ground that the statute's classification of any automobile without an identifiable vehicle identification number as contraband *per se* is unconstitutional. (98 Ill. App. 3d 841.) The State then brought an appeal as a matter of right pursuant to Supreme Court Rule 317. 73 Ill. 2d R. 317.

The provision in question is part of a general statutory scheme entitled "Anti-Theft Laws." (See *People v. Searle* (1981), 86 Ill. 2d 385, 388.) In addition to providing for the seizure of a vehicle with a removed, altered, defaced or destroyed manufacturer's identification number, the statute also makes possession of such a vehicle a misdemeanor (Ill. Rev. Stat. 1979, ch. 95½, par. 4–102) and knowing possession of such a vehicle a felony (Ill. Rev. Stat. 1979, ch. 95½, par. 4–103).

Illinois has long had such a statutory scheme, the broad purpose of which is to protect automobile owners against theft and to protect the general public against the commission of crimes involving stolen automobiles. *People v. Billardello* (1925), 319 Ill. 124, 125-26.) The State argues in this appeal that the specific purpose of the seizure provision is to put a damper on the marketability and profitability of selling stolen vehicles by placing responsibility for verifying the validity of the vehicle identification number on the dealer and on the buyer. Presumably, more care will be taken in the future in the buying and selling of automobiles when the consequence of an improper number is summary seizure and disposition.

Although the issue of the constitutionality of this specific section is raised for the first time in this case, this court has previously addressed related issues in prior cases. In *People v. Gale* (1930), 339 Ill. 162, a prior statutory provision which allowed the trial court, upon demand of any person claiming to be the true owner of a seized vehicle having an altered number, to determine the ques-

tion of ownership of the vehicle and order the car released, without notice to any party in interest, was found to be unconstitutional. (*People v. Gale* (1930), 339 Ill. 2d 162, 168-69.) However, the aspect of the statute making it an offense to have possession of an automobile bearing an altered, defaced or destroyed identification number has been upheld as a valid exercise of the police power. *People v. Johnson* (1919), 288 Ill. 442; *People v. Billardello* (1925), 319 Ill. 124.

In the instant case, the effect of section 4—107(i) is to strip the possessor of all rights to the automobile by declaring the automobile to be contraband even though the purchaser is completely innocent and had no way of discovering any wrongdoing, and although no other person's rights were interfered with. Here, the vehicle identification number on the car title matched the vehicle identification number on the car on the dashboard in the front window. Bridegroom was not only unaware that the number was wrong; he had no means of discovering that information. The number that was obliterated is referred to as the secret or confidential number and was located somewhere on the frame at a place not known by the general public. Furthermore, the confidential identification number was so mutilated that it could not be identified so that there was no other identifiable owner to whom the vehicle could be returned. The vehicle was simply contraband *per se.* According to the State, under the statute, no further facts need be adduced, and accordingly no notice or hearing need be given to the possessor of the vehicle, in order for the court to order its sale. Ill. Rev. Stat. 1979, ch. 95½, par. 4—107(i).

To constitute a legitimate exercise of the police power, a legislative enactment must bear a reasonable relationship to the public interest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective. (*Illinois Gamefowl Breeders*

*Association v. Block* (1979), 75 Ill. 2d 443, 453; *Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 327; *DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 485.) Although there is a presumption of validity attached to the exercise of the State's police power (*Union Cemetery Association v. Cooper* (1953), 414 Ill. 23, 32), on these facts, we feel compelled to agree with the determination of the appellate court that the classification of this automobile as contraband *per se* is unconstitutional.

While no one can deny that the twin goals of catching car thieves and deterring thefts are highly desirable, it does not appear that depriving the innocent purchaser of his property will further either purpose. The State appears to argue that this effect, although harsh on an individual basis, will produce salutary results in the future by making the buyer and seller more careful and by removing the incentive to deal in cars with altered numbers, *i.e.,* stolen cars. The State admits, however, that several confidential numbers may be located at different places on a vehicle of which the average buyer is unaware. This is a needlessly harsh and cruel way to accomplish the desired result. It is also indirect and of doubtful effectiveness. It would be more appropriate to prosecute the dealer who sold the car and who would have a means of ascertaining the location of the confidential or secret number. Under these facts any one of us can be victimized although we use every means known to us to be sure that the identification number matches that on the title.

Section 4—107(i) of the Illinois Vehicle Code speaks of "the" manufacturer's identification number twice, of "a" identification number once and of "this" number once. Also, section 4—107(g) of the Code provides:

> "During the usual course of business the manufacturer of any vehicles shall place an original manufacturer's vehicle identification number on all such vehicles ***." (Ill. Rev. Stat. 1979, ch. 95½, par. 4—107(g).)

Thus, the provisions of the statute speak in terms of there being *one* vehicle identification number located on a vehicle, not several concealed or "confidential" numbers located at various places on the vehicle unknown except to those who have access to certain publications. On recent model automobiles that number is located on the dash immediately behind the windshield on the left side of the vehicle and visible from the exterior. In fact, Federal regulations require this number to be located in that location and provide:

> "The vehicle identification number \*\*\* for passenger cars \*\*\* shall be located inside the passenger compartment. They shall be readable, without moving any part of the vehicle, through the vehicle glazing under daylight lighting conditions by an observer \*\*\* whose eye-point is located outside the vehicle adjacent to the left windshield pillar." (49 C.F.R. sec. 571.115(S4.4) (1980).)

We must conclude that the vehicle identification number referred to in section 4—107(i) is the vehicle identification number required by Federal regulations to be located in the position set forth in the regulations and not a secret number hidden somewhere on the vehicle where the average person would not think of looking. See *Commonwealth v. Unkrich* (1940), 142 Pa. Super. 591, 595, 16 A.2d 737, 739-40.

We noted above that this court, in *People v. Billardello* (1925), 319 Ill. 124, upheld a statute designed to accomplish the same end which the State argues is the purpose of the statute now under consideration. In that case the defendant was charged with the offense of possessing a motor vehicle the original engine identification number of which had been altered. The court held that it was within the power of the legislature in the exercise of its police power for the protection of the public to declare the performance of a suspect act a crime regardless of knowledge or intent. However, the court stated:

> "By the exercise of reasonable care when he be-

comes the owner of a motor vehicle, a purchaser can assure himself that the factory and engine numbers have not been changed and that the pro- visions of the law have been complied with \*\*\*."
(*People v. Billardello* (1925), 319 Ill. 124, 127.)
The court in that case relied on the holding in *People v. Fernow* (1919), 286 Ill. 627, which upheld a previous automobile anti-theft law which made it an offense to possess a motor vehicle from which the identification number had been removed or defaced. The court stated:

"For the effective protection of the public the burden is placed upon the individual of ascertaining at his peril whether his act is prohibited by criminal statute." *People v. Fernow* (1919), 286 Ill. 627, 630.

We do not quarrel with the legislature's authority to make an act a crime even though the individual has no intent to commit a criminal act, or knowledge that he has done so. However, here we are not talking about intent. Bridegroom took the necessary steps to assure himself that the vehicle identification number located at the place required by regulations matched the identification number on the title. That is all that this statute could constitutionally require. Placing a number at some concealed or confidential place on the vehicle undoubtedly has its value for purposes of identification, but such a number cannot be used for the purpose of declaring this vehicle in this case, under these facts, contraband *per se.* Such a declaration constitutes a due process violation.

The complaint filed in the circuit court by the State's Attorney and the record of the trial court do not disclose that there has been any prosecution of the seller or of the purchaser of this automobile, or of anyone in connection with any aspect of its seizure. Section 4—107(i) provides that it shall be the duty of the State's Attorney of the county in which the seizure of the automobile occurs to

make application to the court on final determination of any prosecution arising out of the seizure for an order to sell the property seized. The question whether a prosecution under section 4–102 or section 4–103 is a prerequisite to an action by the State's Attorney under section 4–107(i) has not been raised, argued or briefed in this court. The trial court and the appellate court decided the constitutional issue and that is the question argued in this court and the basis of our decision. The judgment of the appellate court is affirmed.

*Judgment affirmed.*