(No. 78-CC-1271)

Carol K. Tunk, Claimant, *v.* The State of Illinois, Respondent.

*Order on motion to dismiss filed July 22, 1987.*

*Order on motion to dismiss filed February 8, 1988.*

John J. Lowrey, for Claimant.

Neil F. Hartigan, Attorney General (Daniel H. Brennan, Jr., Assistant Attorney General, of counsel), for Respondent.

1

## ORDER ON MOTION TO DISMISS

Sommer, J.

This cause comes to be heard on the Respondent's motion to dismiss, and this Court being fully advised in the premises, finds that Robert Airdo was driving the Complainant's automobile when an accident occurred injuring the Complainant and damaging the automobile; that the Claimant has not made a claim against Robert Airdo and now cannot do so, as the claim is barred by the statute of limitations. Additionally, this Court finds that there are no facts before this Court at this time to indicate negligence on the part of Robert Airdo.

The Respondent argues that the Claimant by not claiming against Robert Airdo failed to "exhaust all other remedies and sources of recovery" as per section 25 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5).

A remedy is a favorable result, not the process or means of seeking a result, or an unsupported theory of action. Since there are no facts before this Court at this time to indicate that a favorable result would be possible in an action against Robert Airdo, failure to make a claim against Robert Airdo under the facts presently known does not amount to a failure to exhaust remedies. Therefore it is ordered that the Respondent's motion to dismiss is denied.

## ORDER ON MOTION TO DISMISS

Sommer, J.

This cause coming here to be heard on the motion of the Claimant to dismiss, due notice being given, no

objection being filed by Respondent and the Court being fully advised.

It is hereby ordered the motion of the Claimant to dismiss the claim is hereby granted and the claim is dismissed with prejudice.