(No. 84-CC-3313-)

JOYCE KISH MCALLISTER, Special Administrator of the Estate of JOHN W. TELLONE, Deceased, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed April 11, 1994.*

SANDMAN & LEVY (ROBERT P. DLUGAJCZYK, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (RICHARD J. KRAKOWSKI, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, due notice having been given the parties hereto, and the Court being fully advised in the premises, the Court finds that the instant claim for negligence was filed on May 29, 1984. The complaint involves a two-automobile accident that allegedly occurred on May 30, 1983, on the Central Avenue Bridge where it crosses Grand Avenue, in Chicago.

The Complaint alleges the following acts of negligence on the part of Respondent:

(a) Carelessly and negligently failed to provide safe and suitable lane dividers;

(b) Carelessly and negligently designed the lane dividers between the northbound lanes of the Central Avenue Bridge and the southbound lanes of the Central Avenue Bridge at the location aforesaid;

(c) Carelessly and negligently failed to warn motorists that the northbound lanes and the southbound lanes of the Central Avenue Bridge at the location aforesaid were not divided in a suitable manner.

We see that the subject bridge, including the median, was constructed by Cook County in 1938, and reconstruction was completed by the State in 1969.

Section 13—214 of the Illinois Code of Civil Procedure (735 ILCS 5/13—214) provides:

"§13—214. Construction—Design management and supervision. As used in this Section "person" means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission. ° ° °.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section. ° ° °."

Since the instant claim was filed more than 10 years after the Illinois Department of Transportation's reconstruction of the subject bridge in 1969, we hold that Claimant's allegations concerning Respondent's design and construction thereof are barred by the above statute.

We also hold that as to any other of Claimant's allegations, including maintenance and warning signage with respect to the subject bridge on the date of the incident herein, any such duties were delegated to the City of Chicago pursuant to agreement with Respondent. (The Court has reviewed copies of the maintenance agreement and supporting documentation, submitted pursuant to Court of Claims Regulation 790.140.)

For the foregoing reasons, the claim herein should be dismissed.

It is therefore ordered that Respondent's motion be, and the same is, hereby granted, and the claim herein is dismissed, with prejudice.