(No. 91-CC-0273-

BRIAN VANDENBUSH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 8, 1996.*

ROSENBERG & ROSENBERG (MICHAEL A. KACZMAREK, of counsel), for Claimant.

JIM RYAN, Attorney General (CYNTHIA J. WOOD, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, C.J.

This cause coming to be heard on the motion of the Respondent to dismiss the claim herein, due notice having been given the parties hereto, and this Court being fully advised in the premises, finds that the instant claim for negligence originally was filed on August 6, 1990. The claim arises from a motor vehicle accident which occurred in Rockford, Illinois, on August 4, 1989, at approximately 9:00 p.m. The Claimant was driving northbound on Highway 251 (North Second Street) and was at, or near, Ethel Avenue when his vehicle stalled in some water. Shortly thereafter, his stalled vehicle was struck by a vehicle operated by Jan Piper.

The complaint has been amended twice, with the second amended complaint filed by an order of this Court, dated August 16, 1995.

There are six allegations of negligence made under paragraph five of the second amended complaint.

The Respondent's motion to dismiss, filed before the second amended complaint, lists only three allegations of negligence, which were taken from the Claimant's first amended complaint.

Allegations 5 d, e and f of the Claimant's second amended complaint, which are subject to the motion to dismiss, allege negligence in the highway design at the site of the accident, to-wit: (The Respondent)

"(d) Carelessly and negligently designed and constructed Highway 251, North Second Street;

(e) Carelessly and negligently designed and constructed said highway without proper drainage of said highway;

(f) Carelessly and negligently located said highway at the base of a large hill without sufficient sewer for draining water likely to accumulate in that location."

Highway 251 was constructed in 1933 and reconstruction was completed in 1971.

Section 13—214 of the Illinois Code of Civil Procedure (735 ILCS 5/13—214) provides:

"Construction—Design Management and Supervision

5/13—214. Construction—Design management and supervision. As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section * * *."

Since the instant claim was filed more than 10 years after the Illinois Department of Transportation's reconstruction of Highway 251 (North Second Street) in 1971, we hold that the Claimant's allegations concerning the Respondent's design and construction thereof are barred by the above statute. *McAllister v. State* (1994), 46 Ill. Ct. Cl. 76.

As to the issue of exhaustion of remedies, the Claimant's attorney has stated under oath that he failed to locate Jan Piper in order to serve her. The Claimant hired a private detective, checked telephone numbers, contacted Jan Piper's mother, checked with the Secretary of State, all to no avail.

We find that the Claimant has exhausted his remedies against Jan Piper by making every reasonable effort to discover her whereabouts and have her served. *Tunk v. State* (1987), 40 Ill. Ct. Cl. 1.

It is therefore, ordered that paragraphs 5 d, e and f are stricken from the Claimant's second amended complaint; however, as no motion was made as to the allegations of paragraphs 5 a, b and c, we will not dismiss such, even though the Claimant has replied as if such a motion has been made.