(No. 97-CC-3039– )

BOBBY L. BYRD, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 3, 1997.*

BOBBY L. BYRD, *pro se.*

JIM RYAN, Attorney General (CHRISTOPHER L. HIGGERSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This claim arises on the Respondent's motion to dismiss or, in the alternative, motion for summary judgment.

The Claimant is an inmate who seeks damages due to personal injury.

The Respondent's motion states that the Claimant did not exhaust his remedies, as required by section 25 of the Court of Claims Act (705 ILCS 505/25), as he filed no grievance with the prison authorities or the Department of Corrections. See *McCormick v. State* (1992), 44 Ill. Ct. Cl. 326.

The Claimant argues that to grieve his claim would be useless, as the Department of Corrections does not grant awards from its tort claims funds for pain and suffering or permanent injury.

We agree. The exhaustion of remedies provision of the Court of Claims Act does not require a claimant to pursue an alleged remedy that does not exist under any set of facts. *Tunk v. State* (1987), 40 Ill. Ct. Cl. 1.

To the extent that *McCormick, supra,* is inconsistent with our ruling in this claim, it is overruled.

It is therefore ordered that the Respondent's motion is denied.