(Nos. 91-CC-0101 *et al.*—

FORMS WORLD STOCK PRODUCTS, INC., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed November 6, 1992.*
*Order filed July 1, 1998.*

FORMS WORLD STOCK PRODUCTS, *pro se*.

JIM RYAN, Attorney General (KELLI L. GIDCUMB, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

These cases come on to be heard on the Respondent's motion to dismiss, due notice having been given, no response having been filed, and the Court being advised, finds:

The Claimant, Forms World Stock Products, filed all of these cases seeking payment of interest in various amounts pursuant to the State Prompt Payment Act. (30 ILCS 540/3—1 *et seq.*) Claimant filed standard lapsed appropriation form complaints in each, alleging that demands for payment were made to each agency but refused on the grounds that the funds appropriated for such expenditures had lapsed.

The Respondent moved for dismissal in each of these cases. The Claimant has not responded and the time allowed for response has expired. (We note that an apparent employee of the Claimant wrote a letter to the deputy clerk of the Court of Claims requesting that an "expansion of time" be allowed. However, the request did not state what the "expansion of time" was for, the deputy clerk cannot grant such requests, and over three months have lapsed since the request was made and no responses have been filed.) The motions are now before us for decision.

Identical motions were filed in each case urging dismissal on three grounds. The first argument is that the Claimant failed to exhaust remedies as required by section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60), and therefore, the claims are subject

to dismissal pursuant to section 790.90 of the Court of Claims Regulations. (74 Ill. Adm. Code 790.90.) Respondent did not state, specifically, what remedy Claimant has which it failed to pursue. Respondent did point out in its motions that the State Prompt Payment Act provides that, where a State official or agency is late in payment of a vendor's bill, the vendor must initiate a written request for the interest penalty when such interest is due and payable, and that this request shall include a description of the original transaction, including invoice date, invoice amount, and the date the bill was presented. Respondent did not allege in its motion that the Claimant did not do this, and Claimant filed a verified complaint alleging demand was made. For that reason alone, Respondent cannot prevail on this argument.

Moreover, even if Claimant did not actually make the requests to the agencies, such omissions would not necessarily warrant dismissals of the claims for failure to exhaust remedies. These claims are here because the appropriations have allegedly lapsed. Respondent does not contend in its motions that such is not the case. When the appropriation to pay a bill has lapsed, the vendor no longer has the recourse of obtaining payment directly from the agency. The vendor has to file here.

As Judge Sommer explained in *Carol K. Tunk v. State* (1987), 40 Ill. Ct. Cl. 1, at 2, "A remedy is a favorable result, not the process or means of seeking a result, or an unsupported theory of action." Although *Tunk* was a tort claim, that statement is applicable in the case at bar. In *Tunk*, there were no facts before the Court to indicate that a favorable result was possible against a third party, so the motion to dismiss for failure to exhaust remedies was denied. The cases at bar are even stronger. Both the facts and the law indicate a favorable result is impossible.

The second argument is that the written request required under section 3—1 of the State Prompt Payment Act (30 ILCS 540/3—1) is a necessary prerequisite to bringing suit in this Court. We do not read the State Prompt Payment Act that way. It does not provide that the vendor must make the request to the agency prior to filing in the Court of Claims. It only states that a request must be made. It does not state to whom, or to which agency, the request must be made, nor does it provide time limits within which the request must be made. After the appropriation has lapsed, the Court of Claims is the only agency which can pay the interest, so it is the proper place to entertain the request.

The third argument is that Claimant's complaints are deficient because Claimant did not make the allegation in each one that a request to the agency was made pursuant to section 3—1 of the Act. This omission, the Respondent argues, renders the complaints defective according to the requirements of section 790.50 of the Court of Claims Regulations (74 Ill. Adm. Code 790.50), which provides that complaints must set forth all appropriate allegations to state the cause of action. The causes of action in these cases are for lapsed appropriations. By correctly completing the form, Claimant has adequately stated its cause of action. Moreover, the letters attached to each complaint provide the details required of the section 3—1 request.

In conclusion, there is no legal reason stated in the motions for us to require the Claimant to go through the process of making demands for payment to the agencies after the appropriation has lapsed. However, in reviewing these claims, we do note that, if the allegations are true, the interest appears to have become due and payable, in many instances, long before the appropriation lapsed. Ironically, Claimant has filed all of these claims based on

alleged late payments, yet Claimant apparently does not bill the agencies for interest in a timely fashion so as to avoid the necessity of filing these claims. Thus, it would appear that the valuable resources of the Respondent, Respondent's counsel, the clerk's office, the Court, and the Claimant itself would be saved if demands to the agency were promptly made when the interest became due, and the agency vouchered payments before the appropriation lapsed.

It is hereby ordered that the motion to dismiss is denied.

## ORDER

SOMMER, C.J.

This cause comes on to be heard on the Respondent's motion for partial summary judgment and the response thereto filed by the Claimant, due notice having been given, and the Court being advised, finds:

The Court has reviewed the motion and agrees with the Claimant that Respondent has misinterpreted the law and the Claimant is entitled to the full amount claimed. Technically, this claim is not procedurally in the proper posture for a final decision, but we find that it has dragged on too long already.

It is hereby ordered that the Claimant be, and hereby is awarded $516.44, payable from the 065 Fund.