(No. 4820)

SAMUEL M. McKENDREE, Claimant, *vs.* STATE OF ILLINOIS, SECRETARY OF STATE, Respondent.

*Opinion filed March 22, 1973.*

UNGER, LITAK & GROPPI, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BURKS, J.

Claimant alleged that his restricted driver's license had been suspended by the Secretary of State "without legal justification" and claims damages for his financial loss, inconvenience, and distress resulting from the loss of his driving privileges.

We find that the facts in the record appear to support the actions of the Secretary of State as being proper and in accordance with the statutes.

In any event, this claim is barred by claimant's failure to pursue his proper remedy under the "Administrative Review Act" *Ch. 110, Sec. 265, Ill.Rev.Stat.* Such judicial review of any final act of the Secretary of State under the "Illinois Driver Licensing Law" *Ch. 95½, Sec. 6-421, Ill.Rev. Stat.* [substantially the same as Sec. 73.11 which was in effect when this claim was filed] was then, as it would be now, the first remedy a claimant must pursue, in this type of cause, before he can seek a determination of a claim for damages in this court. *Court of Claims Act Sec. 25.*

Although claimant subsequently obtained a restricted driver's license, we have no authority to conclude that his license was wrongfully revoked or suspended during the interim period for which he claims damages. Such a finding could only have been made by a court of competent jurisdiction.

At the time this action was brought, claimant could have obtained a judicial review of the Secretary's action in the Circuit Court of Vermilion County. Jurisdiction to review such matters is now restricted to the Circuit Courts of Sangamon or Cook Counties as stated in the following provision of the "Illinois Drivers' Licensing Law":

"§6-421 Judicial review. The action of the Secretary in cancelling, suspending, revoking or denying any license under this Act shall be subject to judicial review in the Circuit Court of Sangamon County or the Circuit Court of Cook County, and the provisions of the Administrative Review Act, approved May 8, 1945, and all amendments and modifications thereto, and the rules adopted pursuant thereto, are hereby adopted and shall apply to and govern every action for judicial review of the final acts or decisions of the Secretary under this Act."

This claim is hereby denied.