(No. 76-CC-1063-

ROBERT L. MEADE, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 26, 1979.*

ROBERT L. MEADE, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (JAMES O. STOLA, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim for back pay alleged to be due Claimant, an employee of the Bureau of Employment Security, State Employment Service, Department of Labor, State of Illinois.

The State Employment Service is an agency funded by the Federal Government. In 1975, a financial crisis hit the State Employment Service in that it was determined by Christopher W. Nugent, Employment Security Administrator, budgetary limitations required a paring of the staff. A layoff of employees was attempted but was rescinded. A second layoff was attempted but was stopped by a temporary injunction by the United States District Court. Mr. Nugent thereafter, in order to lessen the economic impact on laid off employees, decided instead to institute a four-day work week for employees in the Bureau of Employment Security as his method of reducing expenditures. The shortened work week schedule was approved as a temporary measure by the Department of Personnel. The institution of this shortened work week was made by Mr. Nugent on June 3, 1975. The plan required every employee of the Bureau of Employment Security to take off one day a week for four weeks without pay.

Claimant, a long-time employee of the State, and other persons, objected to the plan and filed an oral and then a written grievance. In accordance with personnel rules, a hearing was held and it was the recommendation

of the hearing panel that the Department of Personnel rules were not followed and that the grievants were to be made whole. However, the recommendation of the panel was overruled by Nolan B. Jones, Director of Personnel.

Claimant contends that by reason of the violation of certain rules, the day off work schedule was invalid and he should be awarded his lost four days pay amounting to $247.29, plus legal fees and expenses.

Rule 3—300 of the rules of the Department of Personnel, as stated by the grievance panel stated as follows:

"Rule 3—300. Work Schedules: Each operating agency shall establish its regular work schedule and submit it to the department for approval. No work schedule of less than 37½ hours per week shall be approved as a work week. Upon the approval by the director such schedule shall become the regular work week schedule for the employees affected by it."

The above wording was stated in Claimant's Exhibit 8.

It is, therefore, clear under the above-quoted language that there was no legal authority to force a work week of less than 37½ hours as was enforced upon Claimant. Nolan B. Jones, Director of Personnel, in his decision overruling the panel, which is Claimant's Exhibit 8, at least partially based his decision on his allegation that the sentence "No irregular work schedule required by special operating needs shall be effective unless approved by the Director," was inadvertently left out of the published rules effective June 1, 1975.

No evidence was presented to this Court, however, of any typographical or other error and it, therefore, is our opinion that the rule as quoted above, without the additional sentence, was in effect at the time of the order for a shortened work schedule and that therefore the

shortened work schedule was not authorized and therefore was invalid. The agency did not follow that rule nor did the agency or the Department of Personnel follow the rules for layoffs contained in Rule 2—520 of the rules of the Department of Personnel.

It should be noted that Claimant's Exhibit 7 are the rules of the Department of Personnel which show on its face that it is effective June 1, 1975.

This exhibit does not show the same wording in Rule 3—300 as does Claimant's Exhibit 8 in which the grievance panel quotes Rule 3—300.

However, on the bottom of pages of Claimant's Exhibit 7, there is a date "6-6-76" which indicates to this Court that the change in wording of Rule 3—300 was made on June 6, 1976, and therefore was not effective on June 1, 1975. For that reason, the Court adopts the wording of Rule 3—300 as above quoted from Claimant's Exhibit 8.

It is therefore our opinion that Claimant should be awarded his four days of lost pay amounting to $247.29.

Claimant is also requesting an allowance for attorneys fees. The record discloses that Claimant appeared *pro se* and therefore did not incur attorneys fees in this case. In addition to the fact that Claimant appeared *pro se*, there is no provision made in any statute or case law authorizing the recovery of fees and costs for preparation for hearings in this Court in this type of case.

Respondent bases its case upon the contention that the Court of Claims does not have jurisdiction in this type of case. We believe this contention has been disposed of by previous rulings of this Court, particularly the order of February 14, 1977.

Respondent further contends that Claimant has not exhausted all other remedies, citing the case of *Goodfriend v. Board of Appeals* (1973), 18 Ill. App. 3d 412, 305 N.E.2d 404. It is perhaps true that Claimant could have gone to the Circuit Court of Cook County by a writ of certiorari but even if he had been successful, they would not have paid him the money he is claiming because only this Court has the authority to order payment of money by the State of Illinois. The Court of Claims is the only tribunal available to Claimant to collect his back pay.

Claimant is awarded the sum of $247.29.