(No. 80-CC-0122—)

DAVID BADAL *et al*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 7, 1981.*

*Order on denial of rehearing filed July 31, 1981.*

LEON M. DESPRES, for Claimants.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon Claimant's motion for summary judgment and Respondent's opposition to said motion.

There have been a multitude of motions filed by both sides in this cause.

Claimants were employees of the Department of Labor, State of Illinois, when, in June of 1975, the employment security administrator instituted a shortened work week schedule for these class members whereby they would work for four days a week taking one day off without pay. This schedule was to be effective for the month of June only.

There were approximately 1,500 employees affected by the order for the shortened work week. Claimant David Badal was one of six employees who questioned the validity of the shortened work week and was one of those to file a claim.

Claimants rely primarily on the case of *Meade v. State* (1979), 33 Ill. Ct. Cl. 112. In that case, Claimant exhausted all his remedies before filing his case in the Court of Claims. It is the Court's opinion that that distinguishes it entirely from the present case where Claimants did not exhaust the remedies available to them at the time of the action complained of by Claimants. It is also a fact that every Claimant had available to him the

same grievance procedure utilized by *Meade*. The failure of Claimant and other interested parties to follow the procedure outlined in the *Meade* case is not sufficient reason for the Court to make a finding in favor of Claimant.

A review of *Meade's* affidavit indicates that he went to great lengths and expense to attempt to right the wrong he felt had been done him. He exhausted his remedies under the department of personnel grievance procedure. He appealed to the Civil Service Commission. He filed a suit in circuit court, albeit for money damages. He filed a claim before this Court. He was dismissed. He petitioned for reconsideration and won. He took his case to trial. He briefed it and won an award.

The Court cites the opinions in case No. 76-CC-1071 and No. 76-CC-1083 and cases therein cited where claims were dismissed for failure to follow the statutory procedures set forth.

It is the Court's opinion that Claimants have failed to exhaust their remedies as outlined by the statute; therefore all motions heretofore not ruled upon are dismissed as is the claim filed by Claimants.

This cause is dismissed.

## ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

This cause coming to be heard on Claimants' petition for rehearing and Respondent's response thereto, due notice having been given and this Court being fully advised in the premises:

Finds that Claimants' petition for rehearing contains

no new facts or law which have not been previously submitted and considered by this Court.

It is hereby ordered that Claimants' petition for rehearing be, and the same hereby is, denied and this Court's order of May 7, 1981, is hereby affirmed.