(No. 84-CC-0306—

LEON BLACKWELL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

LEON BLACKWELL, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

MONTANA, J.

The commissioner having filed his report in this matter, and the Court being advised in the premises, this Court finds as follows:

In paragraph No. 1 of his complaint, Claimant states his cause of action as follows:

"1. This is a claim sounding in tort, is for the conversion of Claimant's property, monies received by the Illinois Department of Correction, and the unlawful Accounting Practices of the Stateville Correctional Center, inmate Trust Funds Business Office, of not documenting cash received between individual trust fund balances for inmates account and control account, and errors of $1,340.00 for the fiscal years ending June 30, 1981 and 1982, and is filed pursuant to Ill. Rev. Stat., ch. 37, § 489.8(d)."

Claimant asks for an award in the amount of $4,020.00.

On August 4, 1983, Respondent filed with the Court a motion for a 90-day continuance setting forth that prior to filing his claim in the Court of Claims, Claimant had failed to file a grievance with the Department of Corrections, and that, therefore, Claimant had failed to exhaust all of his remedies before filing his claim in this Court.

On September 2, 1983, Claimant filed a motion to strike Respondent's motion.

On December 17, 1983, the undersigned entered an order making no ruling on Respondent's motion or Claimant's motion to strike, but directing that Claimant within 30 days from December 17, 1983, file a bill of particulars as required by Court of Claims Rule 5(A)9., stating in detail each item of Claimant's alleged damages, and the amount claimed on account thereof. Without such bill of particulars Claimant's complaint as drawn is unintelligible.

On reading the complaint it is not clear whether Claimant is grieving a specific personal loss of funds, or whether he is merely complaining about inmate trust fund accounting practices at Stateville Correctional Center in general. He does not allege specific errors with reference to his own account, and no errors appear on the face of the ledger sheets of his personal trust fund account which he has filed in the record. The complaint is totally lacking in details.

Moreover, Claimant has failed to supply these details by not filing his bill of particulars, pursuant to Rule 5(A)9 as directed by the commissioner.

Finally, it appears from the face of the record that Claimant did not exhaust his administrative remedies before filing his complaint.

It is hereby ordered that Claimant's complaint be and is hereby dismissed.