(No. 88-CC-2764—)

DELBERT L. CURWICK and NANCY J. CURWICK, Claimants,
v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1992.*

DUANNE J. O'CONNOR, for Claimant.

ROLAND W. BURRIS, Attorney General (CARL J. BARLOW, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

The Claimant is seeking $2,392.55, plus interest, which he contends is possessed by the State but belongs to him.

In 1976, the Claimant was ordered by the circuit court to pay support to his minor children. From time to time, the children through their mother had to seek support from the Department of Public Aid. For the 1982 through 1985 tax years, the Claimant contends his Federal and State income tax refunds were confiscated to pay for alleged amounts that were in arrears in his support payments.

The Claimant argues that the State is in possession of his money which he did not owe, either because his children had reached majority in the later years of confiscation or because the State had made miscalculations. The State argues that monies are still owed even after the confiscations of the tax refunds.

The Claimant originally brought this claim in the Kankakee County Circuit Court where the judge ruled

that the circuit court did not have jurisdiction because the case was not on administrative review.

Intercepts of Federal and State income tax refunds are authorized by sections 10—17.3 and 10—17.5 of the Public Aid Code. Ill. Rev. Stat., ch. 23, pars. 10—17.3, 10—17.5.

Under the authority of the above sections, the Illinois Department of Public Aid may intercept Federal and State tax refunds to recover past due support payments. The support must be owed by a responsible relative under a court order. Notice must be given and an opportunity to be heard must be granted to the responsible relative. Any final administrative decision can be reviewed under the Administrative Review Law. Ill. Rev. Stat., ch. 110, par. 3—101 *et seq.*

The various intercept notices sent by the Department of Public Aid, the I.R.S. and the State Comptroller provided for an opportunity to be heard and outlined a procedure and deadline for doing so.

There is no indication in the record that the Claimant followed the procedures outlined in the intercept notices. The Claimant did contact the Department on December 23, 1986, and asked for a redetermination letter outlining the amounts owed according to the Department. With the letter was a notice telling the Claimant he had 30 days to "contest the results of the Department's Redetermination" by requesting a hearing. There is no indication that the Claimant did so.

This Court finds by the clear language of the Public Aid Code that the mechanism for determination of validity of intercepts is that under the Administrative Review Law. Jurisdiction is placed in the circuit court after action by the State agency terminates the proceeding.

No jurisdiction is granted to the Court of Claims. Ill. Rev. Stat., ch. 110, par. 3—101.

The Claimant argues that he is simply requesting a sum of money in the possession of the State that belongs to him, therefore vesting jurisdiction in the Court of Claims. However, we find that the determination of the validity and proper amount of the intercepts is the very issue that the Claimant did not pursue to termination before the State agency.

The Claimant did receive a letter from the Comptroller dated May 4, 1987, regarding his 1985 intercepts which stated that if he did not agree with the determination, he had the right to present the issue to the Court of Claims. Whether this advice is correct or not, the Claimant could have chosen to rely on it. We find that he did not so rely, as he filed his claim in the circuit court on June 11, 1987, where he received a ruling on January 14, 1988. On March 3, 1988, he filed in the Court of Claims. Even if we agreed with the Claimant in his contention that he was simply requesting a sum of money in the possession of the State, there would not be jurisdiction in this Court as he had failed to exhaust his remedies with the Department of Public Aid as is required by section 24—5 of the Court of Claims Act. Ill. Rev. Stat., ch. 37, par. 439.24—5.

The Public Aid Code places jurisdiction for the determination of the amount and validity of intercepts of income tax refunds in the circuit court rather than the Court of Claims. The fact that the Claimant did not take his claim to termination within the Department of Public Aid prevented his being heard in the circuit court, but did not change the law that jurisdiction would have been in the circuit court. It is therefore

ordered that the Respondent's motion is granted and this claim is dismissed.