(No. 88-CC-0945—■■■■)

JAMES WATKINS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 10, 1992.*

JAMES WATKINS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (KIMBERLY DAHLEN, Assistant Attorney General, of counsel), for Respondent.

OPINION

PATCHETT, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against the State of Illinois

for his alleged loss of funds arising from the charged negligence of the Respondent. Respondent allegedly permitted another inmate to identify himself as the Claimant for the purposes of making commissary purchases, thereby causing the loss of $192.02 from the Claimant's trust fund.

The issue of "exhaustion of administrative remedies" was properly and timely raised by the Respondent at the outset of the hearing of this cause. Rule 6 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) provides as follows:

"As required by Sec. 25 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24-5), the claimant shall before seeking final determination of his claim before the Court of Claims exhaust all other remedies, whether administrative, legal or equitable."

Section 24 of the Court of Claims Act provides as follows:

"[Exhaustion of other remedies for recovery—Exception.] Any person who files a claim in the court shall, before seeking final determination of his or her claim exhaust all other remedies and sources of recovery whether administrative or judicial; except that failure to file or pursue actions against State employees, acting within the scope of their employment, shall not be a defense."

The issue presented in this case is whether the Claimant must appeal from an adverse decision of the Institutional Inquiry Board before bringing a claim in the Court of Claims. In this case, when the Claimant discovered his money missing from the trust fund, he filed a grievance with the Institutional Inquiry Board on December 31, 1986. The Inquiry Board met and interviewed the Claimant on January 11, 1987. The Board then recommended that his grievance be denied. The Illinois Administrative Code provides that if the Claimant did not feel that his grievance had been resolved to his satisfaction, he could appeal in writing to the director or his designee. (20 Ill. Adm. Code, ch. I, sec. 504—850).

This appeal procedure requires that the appeal be in writing. The director or his designee then reviews the grievance, the response of the Institutional Inquiry Board and the warden, and determines whether the grievance requires a hearing before the Administrative Review Board. The Administrative Review Board is appointed by the director to consider such appeals.

In the present case, the Claimant testified that he did not perfect any appeal from the adverse decision of the Institutional Inquiry Board. The Claimant was offered, but refused, a continuance of the hearing in order to enable him to appeal the adverse ruling of the Institutional Inquiry Board.

The Respondent argues that the Claimant has not exhausted his remedies, and, therefore, this Court has no jurisdiction to consider his claim. In support of its position, the Respondent cites *Morris v. State* (1979), 33 Ill. Ct. Cl. 173, and *Blackwell v. State* (1984), 36 Ill. Ct. Cl. 328. In the *Morris* case, the claimant had filed a successful grievance with respect to a portion of his claim, but had failed to file a grievance as to his claim for funds. He then presented his claim for funds to the Court of Claims. This Court held that since the claimant had not pursued his claim for funds before the local board at Menard, he had not exhausted his administrative remedies available to him. Thus, the claim was denied.

In the *Blackwell* case, this Court observed that it appeared from the record that the claimant had not exhausted his administrative remedies before filing his complaint. This Court therefore dismissed that complaint. An additional ground for the decision in the *Blackwell* case appeared to be that the complaint had been drawn in an unintelligible manner.

This Court has previously interpreted the provisions of the Court of Claims Act and the Court of Claims Regulations to require exhaustion of remedies to apply and be nondiscretionary. There are times when we have not required claimants to exhaust, or to pursue, remedies which are unreasonable due to a small chance of success. However, those exceptions clearly do not apply in the present factual situation. Claimants who are inmates of correctional institutions in the State of Illinois must seek review by the Administrative Review Board of any adverse decisions of the Institutional Inquiry Board before they bring a claim to this Court.

Therefore, we do not need to reach the merits of this particular claim regarding the loss of trust funds. Because the Claimant failed to appeal an adverse decision from the Institutional Inquiry Board, he is precluded from bringing this claim. This claim is therefore denied.