(No. 89-CC-2968–)

DEBBIE MORGE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 18, 1991.*
*Order filed December 20, 1994.*

STEINBERG, BURTKER & GROSSMAN (RICHARD J. GROSSMAN, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (THOMAS L. CIECKO, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein; due notice having been given the parties hereto and the Court being fully advised in the premises, the Court finds:

The Claimant seeks recovery for her injuries that she sustained after being attacked by a passenger on the bus that she was driving. The Claimant was employed by the Frontier Coach Bus Company as a bus operator. The Frontier Coach Bus Company was under contract with the State of Illinois to provide bus services for the recipients of the W. A. Howe Developmental Center. The W. A. Howe Developmental Center is part of the Department of Mental Health and Developmental Disabilities.

Section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations require that any person who files a claim before the Court of Claims shall, before seeking final disposition of her claim, exhaust all of her remedies and sources of recovery. The Claimant was attacked by a passenger in the bus that the Claimant was operating. This Court has consistently held that exhaustion of remedies is a requirement and mandatory rather than discretionary and optional. *Essex v. State* (1987), No. 85-CC-1735, opinion filed October 1, 1987.

Therefore, prior to seeking final disposition of the instant cause in the Court of Claims, Claimant must exhaust all other available remedies by bringing a civil action against her attacker: this Court has consistently interpreted the exhaustion of remedies to be an inescapable requirement. In *Lyons v. State*, this Court stated that section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations, "quite clearly makes the exhaustion of remedies mandatory rather than optional." (*Lyons v. State*, 34 Ill. Ct. Cl. 268.) The Court further stated that if the exhaustion of remedies requirements were waived, "merely because claimant waited until it was too late to avail himself of other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants." (*Lyons* at 272.) That this Court's interpretation of Court of Claims Act section 25 and Regulations section 790.60 clearly

mandates that a claimant must exhaust all remedies available to him and if he has missed the deadline for one such remedy he cannot recover in the Court of Claims because he still had failed to exhaust all available remedies. Since the statute of limitations has run on the action against the attacker, this cause of action should be dismissed.

It is hereby ordered that the Respondent's motion be, and the same is hereby granted, and the claim herein is dismissed with prejudice.

## ORDER

MITCHELL, J.

Claimant filed a claim on March 17, 1989, alleging that the Respondent, State of Illinois, was in part negligent in its supervision of a certain patient and as a result of said negligence, Claimant received personal injuries. After reviewing the file and the joint stipulation of liability entered into by the parties, the Court hereby finds that the stipulation is fair and just and that the sum of $25,000 is hereby awarded to Claimant, Debbie Morge, in full satisfaction of any and all claims against the Respondent, State of Illinois.