(No. 96-CC-0057—■

ROBERT DEVANEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1996.*

JERRY SERRITELLA, for Claimant.

JIM RYAN, Attorney General (GUY A. STUDACH, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Sommer, C.J.

Claimant alleges that he was separated from employment in the office of the Secretary of State in retaliation for having exercised certain unspecified "rights" under the Workers' Compensation Act. (820 ILCS 305/1 *et seq.*) Respondent has filed a motion to dismiss the claim based in part on Claimant's failure to exhaust his administrative remedies with the Merit Commission for the Office of the Secretary of State.

Exhaustion of all available remedies is specifically required for all claims pursuant to section 25 of the Court of Claims Act (705 ILCS 505/25):

"Any person who files a claim in the court shall, before seeking final determination of his or her claim[,] exhaust all other remedies and sources of recovery whether administrative or judicial; except that failure to file or pursue actions against State employees, acting within the scope of their employment, shall not be a defense." See also Rules 6 and 9 of this Court. (74 Ill. Admin. Code 790.60 and 790.90.)

Absent such an exhaustion of remedies, this Court simply does not have jurisdiction to consider a claim. *Watkins v. State* (1992), 45 Ill. Ct. Cl. 203, 205-206.

Here, the precise administrative remedy Claimant failed to exhaust was available to him under section 9a of the Secretary of State Merit Employment Code (15 ILCS 310/9a):

"A certified employee who believes that he or she has been separated from employment in the Office of the Secretary of State by a personnel transaction used as a subterfuge for discharge may, within 15 calendar days after the final decision of the Director of Personnel on the transaction, appeal in writing to the Commission. The appeal must allege specific facts which, if proven, would establish a prima facie case that the employee was in effect discharged contrary to and in violation of the requirements of Section 9 of this Act [15 ILCS 310/9]. Any appeal which fails to allege sufficient and specific facts to support the allegation may be summarily dismissed by the Commission. The Commission in due exercise of its discretion may make its decision on the appeal after an investigation of the allegations or it may order

a hearing held on any disputed issues of fact or law. In any hearing called under the provisions of this section to resolve a dispute of fact, the employee has the burden of establishing by the introduction of competent evidence a prima facie case proving that the employee was pretextually discharged. Nothing in this section shall be construed to preclude employees from timely asserting other rights given to them under this Act."

Interestingly, Claimant does not dispute his failure to exhaust these administrative remedies. Rather, Claimant's counsel contends that an exception to the exhaustion requirement should exist in retaliatory discharge claims. As authority for this argument, Claimant's counsel cites to cases where the judicial courts of this State have allowed union members to file suit for retaliatory discharge without first exhausting contractual remedies contained in the grievance procedures of their collective bargaining agreement. (See, e.g., *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280.) However, those situations are not analogous. Exhaustion of remedies is a fundamental *jurisdictional* requirement which must be satisfied in order for *any* claim to be brought before this Court, and we are not at liberty to disregard it. This Court has a long history of summarily rejecting claims filed by those who have failed to fully pursue their remedies elsewhere, even when employment issues were at stake. See, e.g., *Badal v. State* (1981), 35 Ill. Ct. Cl. 254.

Accordingly, the Court finds that Claimant failed to exhaust his administrative remedies with the Merit Commission of the Office of the Secretary of State and that, pursuant to section 25 of the Court of Claims Act, the Court does not have jurisdiction to consider this claim. It is therefore ordered that Respondent's motion to dismiss is allowed, and this claim is dismissed with prejudice.