(No. 88-CC-0569—

JOHN GIPSON, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent

*Order on petition for rehearing filed December 22, 1998.*
*Revised opinion filed March 4, 1999.*

PHILLIP R. RICE, for Claimant.

JIM RYAN, Attorney General (TERENCE J. CORRIGAN, Assistant Attorney General, of counsel, for Respondent.

## ORDER

SOMMER, C.J.

This claim returns before the Court on Claimant's petition for rehearing. In his petition, Claimant challenges the Court's ruling concerning Claimant's failure to exhaust other remedies, initially noting that Respondent had never raised the exhaustion issue and asserting that it therefore had been waived. Claimant cites *Wilson v. State* (1994), 46 Ill. Ct. Cl. 20, 24. Without referring to any authority for the proposition, *Wilson* expressly held:

"[T]he failure to raise the defense of the Claimant's failure to exhaust other remedies is non-jurisdictional [sic]. If it is not raised prior to trial, it is waived.

＊ ＊ ＊

The failure to exhaust remedies is not jurisdictional." (*Id.*)

Thus, *Wilson* purportedly stands for the proposition that a Claimant's failure to exhaust remedies is nothing more than an affirmative defense. For reasons that will be explained below, we disagree and overrule *Wilson*.

Subsequent to *Wilson* (but without ever directly referring to it), the Court has carefully scrutinized the exhaustion requirement and has concluded that exhaustion of *administrative* remedies is a mandatory element of the Court's subject matter jurisdiction. *Devaney v. State* (1996), 48 Ill. Ct. Cl. 461; *Morge v. State* (1994), 47 Ill. Ct. Cl. 318.

While it is undoubtedly true that, in most instances, it is the Respondent which brings the exhaustion issue to the Court's attention, silence on the Respondent's part cannot vest this Court with jurisdiction which is otherwise

not granted to it. As a matter of law, subject matter jurisdiction is incapable of being waived. (I.L.P. Courts section 24.) Accordingly, jurisdictional issues may be raised at any time, even by the Court itself. (*Neylon v. State* (1986), 39 Ill. Ct. Cl. 63, 72.) Thus, Respondent's failure to raise the exhaustion issue here is of no consequence, for, as a matter of law, exhaustion of administrative remedies is an element of the Court's subject matter jurisdiction which cannot be waived.

Claimant next argues that an exception to the exhaustion requirement should be created for him because, he contends: (1) he was completely unaware of the existence of the particular administrative remedy until apprised of it in the Court's decision dismissing his claim; and (2) his vehicle has most likely deteriorated and/or run up large storage charges over the years so as to render the remedy meaningless. A review of the record reveals that Claimant has had the benefit of legal advice and representation since the alleged seizure of his vehicle:

"If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants." *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, 272.

The Court also notes that, aside from the cited administrative remedy, Claimant certainly could have elected to timely pursue a replevin action in circuit court for the prompt return of his vehicle. Claimant's request for an exception is therefore rejected.

Accordingly, the Court having reviewed the petition for rehearing and the complete record herein and having given due consideration to Claimant's contentions, and being otherwise fully advised in the premises, it is hereby ordered that Claimant's petition for rehearing is denied.

## REVISED OPINION

PER CURIAM

This claim arises from the Secretary of State's retention of Claimant's 1980 Chevrolet Corvette and the Secretary's revocation of the Corvette's title and vehicle registration, following its seizure by the Alton police department pursuant to section 4—107(i) of the Illinois Vehicle Code (625 ILCS 5/4—107(i)) due to its removed and falsified vehicle identification number ("VIN").

On January 13, 1998, the Court denied this claim due to Claimant's failure to exhaust his administrative review remedy, which we raised *sua sponte* and which we held was jurisdictional.

Claimant petitioned for rehearing, urging that exhaustion of remedies, required by section 25 of the Court of Claims Act (705 ILCS 505/25), is not a jurisdictional requirement and that the requirement was waived because the *Respondent* never raised the issue in this case. Claimant relied on *Wilson v. State* (1994), 46 Ill. Ct. Cl. 20, 24 ("failure to exhaust other remedies is non-jurisdictional") (Patchett, J.), which found a waiver of exhaustion due to the Respondent's failure to raise the issue before trial.

On December 22, 1998, the Court denied rehearing and reaffirmed our holding that the Claimant's failure to exhaust his administrative review remedy was jurisdictional.

The Court adheres to this conclusion and to the denial of this claim, but in light of persisting confusion over jurisdictional and non-jurisdictional "exhaustion" requirements, issues this modified opinion to supersede the order of January 13, 1998, and December 22, 1998.

## Facts

The essential facts of this case are undisputed. In April or May of 1986, Claimant purchased a 1980 Chevrolet Corvette from one Thomas Payne of St. Louis, Missouri. The vehicle then had a California certificate of title which was transferred by Payne to the Claimant. Claimant then applied for and received an Illinois certificate of title.

On or about June 11, 1986, Claimant's vehicle was seized by the Alton police and delivered into Respondent's custody. The seizure was effected pursuant to section 4—107(i) of the Vehicle Code, which designates vehicles with altered or removed VINs as contraband:

"If a vehicle * * * is found to have the manufacturer's identification number removed, altered, defaced or destroyed, the vehicle * * * shall be seized by any law enforcement agency having jurisdiction and held for * * * identification. In the event that the manufacturer's identification number * * * cannot be identified, the vehicle * * * shall be considered contraband, and no right of property shall exist in any person owning, leasing or possessing such property, unless the person owning, leasing or possessing the vehicle * * * acquired such without knowledge that the manufacturer's vehicle identification number had been removed, altered, defaced, falsified or destroyed.

It shall be the duty of the State's Attorney * * * to make application to the Circuit Court on final determination of any prosecution arising out of the seizure, for an order to sell the property so seized; and the court, if satisfied that the property did not at the time of its seizure, possess a manufacturer's identification number, and that this number cannot be ascertained, shall make an order that the property be disposed of * * * and shall fix the time, place, manner and nature of such disposal. * * *."[1]

The evidence indicates that the VIN had been obliterated from the Corvette's engine, transmission, and frame, and that the VIN appearing on the front dashboard

---

[1] Section 4—107(i) was enacted in 1975, was declared unconstitutional in 1982, and was reenacted with modifications in 1985. *People v. One 1979 Pontiac Grand Prix* (1982), 89 Ill. 2d 506, 433 N.E.2d 1301 (§4—107(i) unconstitutional); *see*, 1982 Op. Atty. Gen. 64 (No. 82-023) (§4—107(i) void as of its enactment). The General Assembly re-enacted §4—107(i) with the following added language to address the constitutional deficiences identified by the Supreme Court in *One 1979 Pontiac Grand Prix, supra*: "* * * unless the person owing, leasing or possessing the vehicle or part acquired such without knowledge that the manufacturer's vehicle identification number has been removed, altered, defaced, falsified or destroyed." Public Act 83—1473, eff. January 1, 1985 (Laws of the State of Illinois, 83rd General Assembly, Vol. II, p. 3653).

(1) was a VIN for a different year vehicle and (2) did not match a confidential VIN located inside the door panel.

Claimant was criminally charged with possessing the Corvette with knowledge that its VIN had been removed or falsified. For reasons that do not appear on record, the criminal charges against the Claimant were abandoned in October, 1986, and no application was made under section 4—107(i) of the Vehicle Code for an order to sell the Corvette. On March 20, 1987, the Secretary of State revoked the Corvette's title and registration, and has refused to return the Corvette to Claimant.

## Exhaustion of Remedies

Before reaching the merits of Claimant's liability arguments, the Court must examine whether the Claimant has exhausted his remedies as to this claim. Exhaustion of remedies is a specific—and mandatory—requirement of all Claimants in this Court under the terms of section 25 of the Court of Claims Act. 705 ILCS 505/25:

> "§25. Exhaustion of other remedies for recovery—Exception. Any person who files a claim before the court shall, before seeking final determination of his or her claim exhaust all other remedies and sources of recovery whether administrative or judicial; except that failure to file or pursue actions against State employees, acting within the scope of their employment, shall not be a defense." *See, also,* Court of Claims Regulations 6 and 9, 74 Ill. Admin. Code §§790.60, 790.90.

Section 25 actually encompasses two procedural requirements in its mandate that Claimants "exhaust all other [1] remedies and [2] sources of recovery" before a final ruling by this Court. This Claimant failed to satisfy both branches of our exhaustion requirement.

## Exhaustion of Other Antecedent Remedies

The first branch of section 25 incorporates the common law requirement that a litigant must exhaust all "other remedies" that may be invoked *before* seeking relief

in this Court, *i.e.*, remedies available in another judicial or administrative forum that can provide the Claimant with the same relief (damages) as sought in this Court or with alternative relief that avoids the claim.

This Claimant has failed to exhaust this kind of antecedent "other remedy" by failing to invoke the statutory remedies against the Secretary of State's revocation: (1) the administrative hearing in the Secretary's office, and (2) administrative review in the circuit court.

The record reflects that the Secretary's refusal to return the Corvette to the Claimant relied upon his revocation of the Corvette's title and registration, which in turn appear to rely on the contraband and ownership provisions of section 4—107(i) of the Vehicle Code. The Vehicle Code gives Claimant a right to a hearing from these revocations in section 2—118(a) (625 ILCS 5/2—118(a)):

"(a) Upon the suspension, revocation or denial of the issuance of a license, permit, registration or certificate of title under this Code of any person the Secretary of State shall immediately notify such person in writing and upon his written request shall, within 20 days after receipt thereof, set a date for a hearing and afford him an opportunity for a hearing as early as practical * * *."

The Secretary's order of revocation on its face reflects that a copy of the order was never served on the Claimant. On the record before us, we must find that Claimant's right to a hearing to contest the revocation has not been exercised. Because of the apparent lack of statutory notice, it appears that this right can still be exercised under the statute, in which event Claimant must exhaust this avenue of relief before seeking an adjudication in this Court.

This is a classic failure to exhaust an administrative remedy; the hearing could have reversed the Secretary's determinations and his basis for withholding the vehicle. This Court has a long history of summarily enforcing this

type of exhaustion. *See, e.g., Watkins v. State* (1992), 45 Ill. Ct. Cl. 203; *McKendree v. State* (1973), 28 Ill. Ct. Cl. 229.

More fundamentally, however, the Secretary's revocation is ultimately subject to administrative review in the circuit court, *i.e.*, judicial review under the Administrative Review Law (735 ILCS 5/3—101 *et seq.*) (the "ARL"). The ARL is made applicable by section 2—118(e) of the Illinois Vehicle Code. 625 ILCS 5/2—118(e):

"(e) The action of the Secretary of State in suspending, revoking or denying any license, permit, registration or certificate of title shall be subject to judicial review in the Circuit Court ° ° ° and the provisions of the Administrative Review Law ° ° ° are ° ° ° adopted and shall apply to and govern every action for the judicial review of final acts or decisions of the Secretary of State hereunder."

This administrative review remedy is *jurisdictional*. Claimant's failure to exhaust it is therefore also jurisdictional. Circuit court review under the ARL is statutorily the *sole* method of adjudicating the alleged impropriety of the Secretary's actions and divests this Court of jurisdiction to do so. This divestiture of our jurisdiction is codified in section 8(a) of our Act. 705 ILCS 505/8(a):

"§ 505/8. Jurisdiction. The court [of claims] shall have exclusive jurisdiction to hear and determine the following matters:

(a) ° ° ° provided, however, the court shall not have jurisdiction ° ° ° to review administrative decisions for which statute provides that review shall be in [the] circuit court."

Accordingly, when the ARL is applicable to a decision, this Court cannot adjudicate that decision. When a claim before us, like this one, is based on such a decision which is alleged to be illegal or wrongful, this Court cannot determine the merits of such allegations, but must defer to the determination of the circuit court and reviewing courts. But if that statutory method of review has not been invoked to provide a judicial determination, as it has not been in this case, this Court is left without authority to grant relief on the basis of the disputed decision.

Thus, this Claimant's failure to exhaust this remedy is more than a failure to exhaust a merely "alternative" remedy. Administrative review is not an alternative to adjudication by this Court. For a claim in this Court that is based on a disputed State decision that is reviewable under the ARL, administrative review in the circuit court is a jurisdictionally *necessary* remedy.

Exhaustion of Alternative Sources of Recovery

The second branch of the section 25 exhaustion of remedies requirement is the Claimant's duty to "exhaust all other \* \* \* *sources of recovery*" before an award by this Court (705 ILCS 505/25). This exhaustion requirement is a creature of statute.

This requirement mandates that Claimants pursue other "sources" (*i.e.*, potentially liable parties) of recovery (*i.e.*, money) for the same damages as are being sought from the State in this Court. Claimants must pursue other potentially culpable parties (*e.g.*, other tortfeasors) who may be liable for some or all of the same damages that are being sought from the State. (This requirement most frequently arises in tort cases, but it is not limited to tort claims.)

This branch of the statutory exhaustion requirement serves a different purpose than the purely procedural policies served by the classic exhaustion of "alternative remedies" doctrine. This duty to pursue "alternative sources" is aimed at dollars, not procedures. As this Court has pointed out many times, the requirement to exhaust "alternative sources of recovery" is intended to make the State the payor of last resort and the payor of the smallest feasible share of any shared liabilities, and is driven by fiscal prudence policies.

In this case, the Claimant obviously had judicial remedies against the person who sold the many-VIN

Corvette to him (unless, of course, he was guilty of participating or knowing about the falsification of VINs, in which case that would bar his recovery in this Court). The record is devoid of evidence of efforts by this Claimant to pursue any relief against the seller. This record requires us to conclude that the Claimant has failed to exhaust this potential source of recovery, and thus failed to satisfy the alternative source branch of the section 25 exhaustion rule.

## Comments on Denial of Rehearing

In his petition for rehearing, Claimant relies on *Wilson v. State, supra,* in seeking to convince us that we can waive, and that we should waive, the exhaustion requirements. Claimant relies on *Wilson's* holding that the section 25 exhaustion requirement (which, as observed above, is really two requirements) is "non-jurisdictional" and thus is subject to waiver in appropriate circumstances. However, *Wilson* and section 25 do not control here.

*Wilson* correctly held that the statutory exhaustion requirement(s) of section 25 of the Court of Claims Act—which by its terms is a mandate on Claimants rather than a limitation on the Court's authority—is not a jurisdictional requirement, and thus is susceptible of waiver in appropriate and extraordinary circumstances.[2]

However, under section 8(a) of the Court of Claims Act, the failure to exhaust an "administrative review" or other statutory judicial review remedy as to a material issue in a case before this Court in a *jurisdictional* failure,

---

[2] This Court has been reluctant to find waivers of such mandatory requirements. We did so in *Wilson*—as to "alternative source" exhaustion—due to the Respondent's inexcusable delay in not raising the issue until after trial. We have also applied a rule of reason to the alternative source exhaustion requirement, *see Blumstein v. State* (1995), 47 Ill. Ct. Cl. 186, 191 (frivolous actions not required to be pursued); *Tunk v. State* (1987), 40 Ill. Ct. Cl. 1 (factually unprovable actions not required). This Court has been far stricter, and seemingly unwavering, in requiring exhaustion of antecedent administrative remedies. Failure to pursue available redress elsewhere is almost never excusable, and litigants' failure to do so wastes the limited resources of this Court and thus prejudices consideration of other litigants' claims.

as pointed out above. *Wilson* did not involve an administrative review issue and the *Wilson* opinion did not address this kind of exhaustion nor the section 8(a) jurisdictional issue, which are controlling here.

Because this Claimant's failure to exhaust his administrative review remedy is jurisdictional and not waiveable we need not address Claimant's proffered excuses for his failure to pursue that remedy.[3] We also need not consider a theoretically-possible waiver of Claimant's failure to pursue the seller of the vehicle (*i.e.*, alternative source exhaustion) because that issue is now moot. We only note, in passing, that even in his petition for rehearing, the Claimant failed to offer any justification for his failure to pursue the seller.

## Conclusion

For the foregoing reasons, and upon a full and considered review of the record and the parties' arguments, this claim and rehearing must be denied. Accordingly, it is hereby ordered:

1. This claim is denied;

2. Claimant's petition for rehearing is denied;

3. This Court's prior orders of January 13, 1998, and December 22, 1998, are withdrawn, and this modified opinion is entered in lieu thereof.

---

[3] Claimant argued: (1) his ignorance of the law; and (2) ineffectiveness of the remedy (i.e., his regaining possession) due to likely depreciation of the vehicle once Claimant learned about administrative review from this Court's opinion.