(No. 96-CC-4152– ▓▓▓▓▓▓▓

FELICIANO SERRANO and WARDALE GREER, Individually and as Representatives of a class of all persons similarly situated, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1999.*

PAUL ARMSTRONG, for Claimants.

JIM E. RYAN, Attorney General (EDWARD C. SEWARD III, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Epstein, J.

Claimants are noncustodial parents under child support court orders and have brought this action seeking redress for allegedly improper "intercepts" (seizures) of their federal income tax refunds by the Respondent's Department of Public Aid ("IDPA")—and for IDPA's refusal to "adjust their accounts"—which were contrary to circuit court orders that adjudicated their child support obligations. Claimants allege that the circuit court determined that no money was owing for child support (by Claimant Serrano) and that less money was owed (by Claimant Greer) than was taken by IDPA's intercept of his refund. See complaint, pars. 1-8.

Claimants seek (1) a refund award of all monies improperly taken by IDPA intercepts; and (2) a prohibitory injunction against IDPA utilizing the intercept procedure in contravention of circuit court child support orders. Claimants seek certification of this case as a class action on behalf of all others similarly situated.

These claims are before us on the Respondent's section 2—619 motion to dismiss the claims which asserts: (1) a jurisdictional failure to exhaust administrative remedies, as required by section 25 of the Court of Claims Act (705 ILCS 505/25) and our implementing Rule 60 (74 Ill. Admin. Code section 790.60); and (2) the lack of subject matter jurisdiction of this Court to grant injunctive relief. Claimant has not filed objections to the motion or otherwise responded.

On the exhaustion issue, Respondent relies on *Curwick v. State* (1992), 44 Ill. Ct. Cl. 242 (Sommer, C.J.) as dispositive on the Court of Claims' lack of jurisdiction over the IDPA intercept procedures, and cites *Gipson v. State* (1999), 51 Ill. Ct. Cl. 54 at 57 on the general issue of jurisdictional failure to exhaust remedies. On the lack of injunctive powers of this Court, Respondent relies on *New Life Development Corp. v. State* (1992), 45 Ill. Ct. Cl. 65 (Montana, C.J.) but should have relied on *Garimella v. Board of Trustees of the University of Illinois* (1996), 50 Ill. Ct. Cl. 350, which conclusively resolved that issue against injunctive powers.

Chief Justice Sommer's opinion in *Curwick* is precisely on point and dispositive of our jurisdiction over these claims. *Curwick* observed that under section 10—17.3 and section 10—17.5 of the Public Aid Code (now 305 ILCS 5/10—17.3 and 5/10—17.5) the intercept procedure is subject to an administrative hearing and is ultimately judicially reviewable under the Administrative Review Law (the "ARL," 735 ILCS 5/3—101 *et seq.*) and held, accordingly, that exclusive jurisdiction to review the merits of such intercepts lies in the circuit court and this Court lacks jurisdiction to determine the validity or invalidity of such procedures.

To *Curwick*, we only add the observation that these sections of the Public Aid Code not only vest review jurisdiction over IDPA intercepts in the circuit court, but do so with the adamant admonition that administrative decisions on intercepts "shall be reviewed *only* under * * * the [ARL]." 305 ILCS 5/10—17.3, 5/10—17.5.

The jurisdictional conclusion is also mandated by *Gipson, supra,* which is cited but overstated by the Respondent. *Gipson* held that whenever an administrative decision is statutorily made subject to judicial review (under the ARL or any other law), this Court is divested of

jurisdiction to adjudicate, even indirectly, the administrative action that is thus reviewable in the circuit court. *Gipson* observed that a failure to exhaust that *jurisdictional* review remedy (*i.e.*, circuit court review and the pre-requisite procedures) is itself jurisdictional.

However, *Gipson* did *not* say that a litigant's failure to exhaust *any* available procedural remedy is jurisdictional—only those that ultimately lead to circuit court review under the ARL or another statute. Non-jurisdictional procedural remedies are *mandatory* (on the litigant) under section 25 of the Court of Claims Act, but that mandate *does not limit this Court's jurisdiction*, as the court pointed out in *Gipson, supra*.

That fine but important distinction having been duly noted, these claims must be dismissed for want of jurisdiction and for failure to exhaust administrative remedies (in IDPA and by administrative review in the circuit court). Accordingly, we need not entertain the class certification motion or Respondent's objections.

We must express some dismay at the procedural result in this case. This Court is in the regrettable posture of closing our door to these Claimants—who have already been through one litigation in the circuit court on their child-support payment(s)—and who were later thrown out of the circuit court (for lack of jurisdiction) when they went back to ask that court to enforce its own prior orders. We are constrained to tell these Claimants that they are once again in the wrong court (which lacks jurisdiction), because there was yet another series of procedures (in IDPA and the circuit court) available to them that they should have used.

We are telling these Claimants—as the law commands us to do—that: (1) the first circuit court order on

their child support obligations is inadequate to protect them; (2) that a second IDPA administrative proceeding (and maybe another circuit court proceeding) to review the IDPA intercept is required; and (3) that unless all of those procedures have been exhausted (and have exhausted all involved) this Court is powerless to give the Claimants their wrongfully seized money back.

There are surely reasons that lead the legislature to create this procedural labyrinth. But it is not apparent why such a multiplicity of process is due (or sensible) when a court has already made a determination of how much child support, if any, is owing by a parent in a proceeding in which IDPA was likely a party. This convoluted statutory process, however, is well beyond this Court's competence and power to correct; any relief must be effected by the General Assembly.

For the foregoing reasons, these claims are dismissed with prejudice.