(No. 98-CC-1013—■■■■)

WILLIAM K. PERKINS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 24, 2000.*

WILLIAM K. PERKINS, *pro se.*

JIM RYAN, Attorney General (PHILLIP MCQUILLAN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

This is another in a sad series of claims by non-custodial parents, usually as here a father, seeking a refund from the Respondent's Department of Public Aid ("IDPA") of an income tax refund that IDPA seized for supposedly overdue back child support, which Claimant now alleges

here was not owed. In this case, the Claimant seeks $2,828.27, which he alleges to be the amount of his 1996 income tax refund plus 18% compounded interest, and his costs of filing suit in the circuit court against the mother of his child in his futile effort to obtain relief there.

This case is before us on the Respondent's motion pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619) to dismiss the claim which asserts (1) a jurisdictional failure to exhaust administrative remedies, as required by section 25 of the Court of Claims Act (705 ILCS 505/25) and our implementing rule (74 Ill. Admin. Code 790.60), and (2) lack of subject matter jurisdiction to review the intercept procedures of the IDPA (see, 42 U.S.C. 664; 305 ILCS 5/10—17.3, 10—17.5, 5/210.5a; and 89 Ill. Admin. Code 160.70(c)), which is subject to judicial review only by the circuit court pursuant to the Administrative Review Law (the "ARL"). See 305 ILCS 5/10—17.3, 10—17.5; 735 ILCS 5/3—101 *et seq*; 89 Ill. Admin. Code 140.100 *et seq.*

As this Court has repeatedly held, the IDPA tax refund intercept procedure is outside the jurisdiction of this Court to review or to grant relief. The IDPA intercept procedure contains its own administrative review procedure, which includes judicial review by the constitutional courts under the ARL, which must be utilized by aggrieved claimants and which is the *only* procedure available to redress wrongfully seized tax refunds under IDPA intercepts (*Serrano v. State* (1999), 52 Ill. Ct. Cl. 367; *Curwick v. State* (1992), 44 Ill. Ct. Cl. 242.) Because the exclusive jurisdiction to review IDPA intercepts is vested in the circuit court under the ARL, this Court lacks jurisdiction over this or any claim seeking relief due to an IDPA intercept. *Serrano, supra*; *Curwick, supra*; see also, *Gipson v. State* (1999), 51 Ill. Ct. Cl. 54.

Wherefore, it is hereby ordered: This claim is dismissed for want of jurisdiction.